### H. E. LEWIS v. HERBERT BRAINERD.*

*Gen. Sts. c.* 86, *ss.* 7, 8, 13, (*R. L. c.* 152, *s.* 3269), *Construed. Penalty. Remedial Statute. Pleading. Presumption.*

Under the Gen. Sts. c. 86, ss. 7, 8, and 13, (R. L. s. 3269) a stockholder has an action against the clerk, or recording officer, of a corporation for wilfully neglecting or refusing to exhibit certain records, &c., and to recover the sum of $10 for every twenty-four hours the clerk shall so refuse. In an action to recover said penalty. *Held*,

1.  That the County Court in this case has jurisdiction.
2.  That this is a remedial statute, and should be liberally and beneficially expounded.

* Heard at the January Term, 1879

3. The amount of the penalty is determined by multiplying $10 by the number of days the refusal continued.
4. Stock-ledger and transfer books are records within the meaning of sections 7 and 8.
5. It must be alleged in the declaration that the request was made at the office of the defendant. .
6. *Presumption.* It is presumed, that when the law imposes a duty on one, and he neglects to do it, that such neglect continues till the contrary appears.
7. That there is some damage, from a violation of any right.
8. That the purpose, for doing a lawful act, is itself lawful.

THIS case was heard on special demurrer to the declaration, September Term, A. D. 1878, ROYCE, J., presiding. The demurrer was sustained, and judgment for the defendant to recover his costs. The third count was as follows :

And whereas, also it is provided by section 7 of chapter 86 of the General Statutes of the State of Vermont, relating to private corporations, as follows : " The clerk of every such corporation shall at all times have the custody of the by-laws and records of said corporation, and shall at all proper and seasonable times exhibit and show the same to the owner of any share of the stock of such corporation, his agent or attorney, on demand, and give certified copies of such by-laws and records, when required, on a reasonable compensation therefor being tendered to such clerk."

And whereas, it is provided by section 8 of said chapter of said statutes, as follows : " If any such clerk shall wilfully neglect or refuse to exhibit and show any such by-laws or records in his possession, he shall forfeit and pay to the person injured the sum of ten dollars for every twenty-four hours such clerk shall so neglect and refuse, to be recovered in an action on the case."

And whereas, it is provided by section 13 of said chapter, as follows : " The term ' clerk,' of a corporation, as used in this chapter, shall be construed to mean the recording officer, whether he be styled clerk, secretary, cashier, or however designated, and the term ' treasurer,' as used in this chapter, shall be construed to mean the officer who has the care and custody of the funds of such corporation, by whatever name he may be designated."

And whereas, the St. Albans Iron and Steel Works of St. Albans aforesaid, is a private corporation as aforesaid, so chartered as aforesaid, and doing business at St. Albans aforesaid. And whereas, the said plaintiff was before and at the time of the committing of the wrong and grievance by the said defendant as hereinafter mentioned, and is now a stockholder in said corporation, having become, to wit ; the first day of January, A. D. 1873, the purchaser and holder, and has been since hitherto and is now the .

possessor, holder and owner of twenty-five shares of the capital stock of said corporation, of the par value of one hundred dollars each. And whereas the said plaintiff, as such stockholder, was and is entitled at all seasonable and proper times to examine the books and records of said corporation, according to the form, force and effect of the statute aforesaid.

And whereas, before and at the time of the committing of the wrong and grievance by the said defendant as hereinafter mentioned, the said defendant was the recording officer of said corporation, duly and legally elected and appointed by the directors of the said corporation under the title and designation of "Treasurer of the St. Albans Iron and Steel Works," which said office the said defendant had accepted, to wit; at St. Albans aforesaid, which said office the said defendant has continued to hold, from the time of his election and appointment hitherto, but more particularly on the 18th day of July, A. D. 1876, to wit; at St. Albans aforesaid, and as such recording officer was the holder, keeper and legal custodian of certain books and records of said corporation, to wit; a book then and there entitled and called a ledger, and a certain other book entitled and called a journal, and a certain other book entitled and called a stock-ledger, and a certain other book entitled and called a transfer book, and certain other books appertaining and belonging to the said defendant, in his official capacity, and all which said books were the property of said corporation, and the records and entries therein solely appertained to the business and affairs of said corporation.

And the said plaintiff further says, that afterwards and at a seasonable and proper time, to wit; on the 18th day of July, A. D. 1876, to wit; at St. Albans aforesaid, he the said plaintiff did request the said defendant as the recording officer of said corporation, and having the care and custody of the said books and records, so legally elected and acting therein as aforesaid, and on various other days at seasonable and proper times, and at the office of the said defendant, to wit; at St. Albans aforesaid, to exhibit and show to the said plaintiff the said books and records of said corporation, of which he the said defendant was the holder, keeper and legal custodian, as such recording officer as aforesaid.

Yet the said defendant did not nor would exhibit or show to the said plaintiff, the said books and records, but then and there, wrongfully, wilfully, unwarrantably and unlawfully neglected and refused so to do, to wit; at St. Albans aforesaid, and did so neglect and refuse from thence until, to wit; the 10th day of January, A. D. 1877, to wit; at St. Albans aforesaid.

Wherefore and by reason of all which, and by force of the statute aforesaid, an action hath accrued to the plaintiff, to have and demand of the said defendant ten dollars for every twenty-four hours said defendant did so neglect and refuse to exhibit and show to the said plaintiff the said books and records of said corporation, of which he the said defendant was the legal custodian as aforesaid, amounting in all to a great number, to wit; 175 periods of time of twenty four hours each, to wit; at St. Albans aforesaid, yet the said defendant, well knowing the premises, hath not, etc.

*A. G. Safford* and *H. C. Adams,* for plaintiff.

This statute is remedial. 1 Black. Com. 88 ; Potter's Dwarris on Statutes, 73–74. Sections 7, 8, and 13, are to be construed together. *McCartee* v. *Orphan Asylum,* 9 Cow. 487 ; *Patterson* v. *Winn,* 11 Wheat. 385 ; Potter's Dwarris on Statutes, 189, and cases cited.

This should receive a liberal interpretation. Potter's Dwarris on Statutes, 184, 203 and 233 ; *Sickles* v. *Sharp,* 13 Johns. 497 ; *Cotheal* v. *Brouwer,* 5 N. Y. 562 ; *Neal* v. *Moultrie,* 12 Ga. 104,; *Wolcott* v. *Pond,* 19 Conn. 597 ; *Camp* v. *Rogers,* 44 Conn. 291 ; *Hubbell* v. *Gale,* 3 Vt. 266 ; *Henry* v. *Tilson,* 17 Vt. 479 ; *State Treasurer* v. *Clark,* 19 Vt. 129 ; *Ryegate* v. *Wardsboro,* 30 Vt. 746 ; Roberts's Dig. 657.

The revenue laws of the U. S. which impose a forfeiture, are remedial. *Cliquot* v. *Champagene,* 3 Wall. 115 ; *Taylor* v. *U. S.,* 3 How. 197. " By-laws AND records "; " *and* " should be construed " *or.*" 19 Vt. 131.

The clerk having once refused to exhibit the records, the presumption is that he will continue to do so, until he manifests a contrary intention. *Kimball* v. *Paige,* 22 Vt. 628 ; 1 Greenl. s. 42 ; *White* v. *Wilson,* 13 Vesey, 88.

*H. S. Royce,* for defendant.

1. There was only one demand, and there can be but one penalty. Hence the County Court had not jurisdiction. 46 N. Y. 644 ; 12 Met. 92 ; 45 N. Y. 453 ; 7 Johns. 134 ; 13 Johns. 253 ; 1 D. Chip. 116 ; *Barber* v. *Eno,* 2 Root, 150 ; *Ross* v. *Baker,*

33

Ib. 151 ; *Chapman* v. *Chapman*, 1 Root, 52 ; 2 N. Y. 182 ; 3 Denio, 526 ; 9 B. & C. 524 ; 46 Barb. 289–90 ; 1 Swift's Dig., 587 ; *Chase* v. *N. Y. C. R. R.*, 26 N. Y., 523 ; *Clark* v. *Lisbon*, 19 N. H. 287 ; *Burnham* v. *Webster*, 5 Mass. 268 ; 1 Pick. 177.

2. The want of any sufficient allegation that the demand was made at the office of the clerk, and during business hours, renders the declaration fatally defective. *Ellis* v. *Hull*, 2 Aik. 41 ; *Fairbanks* v. *Antrim*, 2 N. H. 105 ; 1 Chit. Pl. 263 ; 1 Dillon Corp. 448 ; Roberts's Dig., p. 528, sec. 6 ; *Harvey* v. *Chase*, 38 N. H. 272 ; *Button* v. *Bishop*, 11 Vt. 70.

3. The penalty is given as a satisfaction to the person injured, and it must be alleged that the plaintiff was injured. *McCarthy* v. *Guild*, 12 Met. 291.

4. There is not in either count of the declaration any allegation that the plaintiff ever requested defendant to exhibit the by-laws and records of the corporation, nor that they were in the possession of the defendant. But the allegation in each count is that the plaintiff requested the defendant to exhibit the *journal*, *ledger* and *transfer book*. The book containing the by-laws and records of the corporation is the book of records of the organization of the company, its by-laws, corporate meetings, the election of officers, names of subscribers to the stock and the number of shares taken. The plaintiff declares for the penalty given for refusing to exhibit the by-laws and records, (Gen. Sts. 544, sec. 8,) but he does not allege that defendants refuse to exhibit them.

The opinion of the court was delivered by

DUNTON, J. As it is not alleged in the first and second counts of the declaration that the request to exhibit the books and records of the corporation was made at the office of the defendant, these two counts are fatally defective. *Harvey* v. *Chase*, 38 N. H. 272. So far as appears, such request might have been made in the street, or at some other place, where it would have been unreasonable to require a compliance with the same.

But this defect does not exist in the third or last count of the declaration. A request to exhibit to the plaintiff certain books is therein alleged to have been made at the office of the defendant

in St. Albans, at a proper and seasonable time, which we think is sufficient, provided the books requested to be exhibited were such books of records as the plaintiff was entitled to inspect and are referred to in sections 7 and 8 of chap. 86 of the Gen. Statutes.

It is alleged in said last count that the defendant at the date specified was the recording officer of said corporation, and as such was the holder, keeper and legal custodian of certain books of the corporation, to wit ; books entitled and called a ledger, journal, stock ledger, transfer book, and certain other books appertaining and belonging to said defendant in his official capacity, and that the entries and records therein solely appertained to the business and affairs of the said corporation ; which books it is alleged that the plaintiff requested the defendant to exhibit and show to him, at a seasonable and proper time, and that a compliance with such request was wilfully neglected and refused. This is all admitted by the demurrer.—By section 13 of the same chapter of the General Statutes it is provided that the term, " clerk of a corporation," as used therein, shall be construed to mean the recording officer, however he may be designated.

To incur the penalty provided by said section 8, there must be a wilful neglect or refusal to exhibit and show the records or by-laws of the corporation. It is not alleged that any of the books named in the last count of the declaration contained the by-laws of the corporation. Is it therein sufficiently alleged that any of said books contained the records of the corporation ? Section 9 of the General Statutes provides that : " Every corporation shall, by its clerk, make and keep a record of all its corporate doings, in which the several shares of the capital stock of such corporation shall be designated by numbers, and also a record of the name of each owner of such stock and the number and description of the shares of such owner." In the absence of proof to the contrary, it is to be presumed that the corporation kept such records as are required by statute ; and these are, in our opinion, the records referred to in sections 7 and 8 of the statute in question. The stock ledger and transfer book, kept in the usual manner, are such records ; for they contain a record of the name of each owner of the capital stock, and " the number and description of

the shares of such owner "; and the former should also show the amount assessed and paid on each share of such stock.

If not restricted by the charter or rules and by-laws of the corporation, by the common law, a stockholder has the right at proper and seasonable times to inspect all the books and records of the corporation. The clerk, however, or recording officer, having the custody of the same, would not subject himself to the penalty imposed by said statute, by refusing to exhibit the ordinary books of account showing the daily business or transactions of the corporation with its customers. As such clerk or recording officer he would be under no legal duty to keep a record of the business transactions with customers or third parties. Such transactions may be as well recorded, and books containing such records kept by any other agent or servant of the corporation. Such clerk or recording officer could not certify copies from the corporation's records of its business transactions, and thereby make such copies legal evidence of the transactions themselves. See *Wheeler* v. *Walker*, 45 N. H. 358 ; *Haynes* v. *Brown*, 36 N. H. 545 ; *Oakes* v. *Hill*, 14 Pick. 442 ; 1 Greenleaf on Ev. ss. 493, 498.

Therefore, so far as appears from the allegations in the declaration, the only books named in the last count thereof entitled to be called records within the meaning of sections 7 and 8 of chap. 86 of the Gen. Sts., are the stock ledger and transfer book. Some of the other books referred to may contain records of the " corporate doings," but they are not described as such with the accuracy that good pleading requires.

Although the statute in question, in terms, subjects the offender to a certain penalty recoverable by the injured party, it is in our opinion a remedial statute. The distinction between a penal and remedial statute is clearly and concisely stated by PRENTISS, Ch. J., in *Hubbell* v. *Gale*, 3 Vt. 266, in the following language : " Where a statute gives an action to a stranger to recover a forfeiture, he is a common informer, and the action is a penal action ; though it is otherwise when the statute gives damages, either single or accumulative, as a compensation to the party aggrieved."

A stockholder at common law could maintain an action against

the recording officer having the custody of the books and records of the corporation, for wilfully refusing to allow him to inspect the same, at reasonable and proper times, and recover damages therefor, either actual or nominal, as the case might be.  See Field on Corp. 134 ;  *Jones* v. *R. R. Co.*, 57 N. Y. 196.  To save the necessity of proof of damages, and limit and fix the liability of the offender, the Legislature, by the statute in question provided for the forfeiture claimed in this suit, and gave it to the injured party in lieu of damages.

Says STORY, J., in *Taylor* v. *United States,* 3 How. 197 :. " In one sense every law imposing a penalty or forfeiture may be deemed a penal law ; in another sense such laws are often deemed, and truly deserve to be called, remedial."    He also quotes with approbation as follows :  " It must not be understood that every law which imposes a penalty, is, therefore, legally speaking, a penal law, that is. a law which is to be construed with great strictness in favor of the defendant.   Laws enacted for the prevention of fraud, for the suppression of a public wrong, or to effect a  public good, are not in the strict  sense, penal acts, although they may inflict a penalty for violating them."    Also see *Burnett* v. *Ward,* 42 Vt. 80.

The statute in question is of the same character as some of those named in the above quotation, and, whether penal or remedial, ought, therefore, to receive such a construction as will most effectually accomplish or carry out the intention of the Legislature and remedy the evil sought thereby to be prevented.

By the alleged breach of said statute, the neglect or refusal complained of being but one act, only one penalty was incurred ; and its amount is to be determined by multiplying ten dollars by the number of periods of twenty-four hours each, that the wilful neglect or refusal to exhibit the records to the plaintiff continued. Hence it was not necessary for the plaintiff to renew such request every twenty-four hours, or at any other time.   If the penalty in this case be severe, the recording officer in fault has made it so by his wilful neglect or refusal to accord the plaintiff his rights in the premises.   This, we think, the Legislature intended ; otherwise, under certain circumstances the penalty would be clearly

inadequate to induce a compliance with the statute. See *Suydam* v. *Smith*, 52 N. Y. 383 ; *Cotheal* v. *Brouwer*, 5 N. Y. 562.

The neglect or refusal of the defendant to comply with the plaintiff's demand, is presumed to continue until a willingness upon his part to exhibit the records to the plaintiff, made known to him, is proved, or until such presumption is rebutted by a change of circumstances. The general rule upon this subject is stated in Greenleaf on Evidence, vol. 1, sec. 42, as follows : " The *opinions* of individuals once entertained and the *state of mind* once proved to exist, are presumed to remain unchanged until the contrary appears." Also, see 2 Starkie on Ev. 54 ; 3 do. 937 ; 2 Best on Ev. 716.

It would therefore be unreasonable to require a stockholder, after he has been once refused, to renew his request to be shown the records of the corporation every twenty-four hours, to entitle him to a recovery of more than ten dollars, or to renew such request, at least, twenty-four hours after such refusal, to entitle him to a recovery at all. If such recording officer changes his mind it is much more reasonable that he, being the party in fault, should notify the stockholder of such change, or in some way signify a willingness to accede to his request, than to require upon the part of the stockholder, repeated and probably fruitless efforts to obtain his rights. Although the penalty in question is a satisfaction to the stockholder for the injury caused him by a refusal of his right to inspect the corporate records, no special injury or damages need be alleged or proved. " Some damages are always presumed from the violation of any right or duty implied by law," and the statute in the case at bar fixes the amount of the damages. Neither is it necessary to allege or prove a reason or purpose for inspecting such records. A lawful reason or purpose for examining the records of the corporation will be presumed in the absence of proof to the contrary. The stockholders in a corporation are severally interested in all the corporate property and corporate action in proportion to the amount of their respective stock. The officers are to a certain extent their servants and agents. Such stockholders, therefore, have the right to examine the books and records of the corporation, at reasonable and

proper times, without making known to the recording officer their purpose or reasons therefor. This proposition is stated in Angell & Ames on Corporations, section 681, as follows: "With respect to the members of a corporation, the books of the company are public books; they are common evidence which must of necessity be kept in some one hand, and then each individual possessing a legal interest in them, has the right to inspect and use them as evidence of his rights." It is for a violation of this right that the forfeiture in question is provided. The rights of the stockholder are not in any way abridged, but enlarged and enforced by the statute under consideration.

The judgment of the County Court is reversed; and it is adjudged that the third count of the declaration is sufficient, and that the first and second counts are insufficient, and the cause is remanded to be proceeded with.