Patricia P. BENNETT, Movant,

v.

MACK'S SUPERMARKETS,
INC., Respondent.

Supreme Court of Kentucky.

Oct. 30, 1979.

James S. Greene, Jr., Harlan, Rucker Todd, C. Christopher Trower, Brown, Todd & Heyburn, Louisville, for movant.

Karl S. Forester, Forester & Forester, Harlan, for respondent.

STERNBERG, Justice.

This appeal involves the right of a minority stockholder to inspect the books and records of the corporation. On September 20, 1977, movant filed suit in the Harlan Circuit Court seeking to compel the respondent to open its books and records so that she could determine "whether any officer or any employee of Mack's Super Markets, Inc., has caused or permitted to be made any improper expenditure, or has made or permitted to be made any improper withdrawal from the corporation." In response, the respondent traverses the allegations of the complaint, affirmatively pleads that movant has not complied with the terms and provisions of KRS 271A.260(2) (Kentucky Business Corporation Act), and affirmatively charges that the relief sought by movant is not for a proper purpose. Movant filed an affidavit in which she manifests that her actions were for a proper purpose.

We have a family fight. Suffice it is to say that it has not been a pleasant one.

Curtis Parsons commenced the business and managed its operations until his death. He had two sons, Harold and Donald, and one daughter, Patricia. Curtis died in 1972 and the sons took over the management of the business. Prior to his death, Curtis had transferred 90 shares of the corporation's stock to each of his children; however, Patricia had transferred her shares back to her father. Subsequent to the death of Curtis, Patricia made demand on the estate for the reconveyance to her of this 90 shares of stock. The reconveyance was denied. She then filed suit in the Harlan Circuit Court seeking to recover the stock and to enjoin the payment of any dividends until the status of the ownership of the 90 shares had been determined. Patricia did, however, receive 14 shares of stock in the corporation when her father's estate was distributed. She retained two shares and divided the other 12 shares equally between her six children. Prior to the division of this stock, there were less than ten shareholders in the corporation, and it could, and did, report for federal tax purposes as a Subchapter "S" corporation (Sec. 1372, Internal Revenue Code 1954, as amended). After the division there were more than ten shareholders, which denied to the corporation the use of the Subchapter "S" basis for reporting. Patricia is married to C. V. Bennett, II, who is a contractor and land developer in Harlan County, Kentucky.

In an effort to negotiate a settlement of the action which movant filed for the recovery of the stock and for the enjoining of the payment of any dividends, she and her brother Donald met in Baxter, Kentucky. Mr. Bennett was present and stated that he would spend up to Two Million Dollars ($2,000,000), if necessary, to break the corporation. He has commenced the development of a shopping center close to the properties of the corporation.

This action was submitted to the Judge of the Harlan Circuit Court for judgment on the record. The record consists of the pleadings, the affidavit of movant, the affidavit of movant's mother, Estle Parsons,

and the testimony of movant's brother Donald. The trial court found for the movant and ordered the corporate records to be opened to movant and her representatives. Respondent appealed to the Kentucky Court of Appeals, where the judgment of the Harlan Circuit Court was reversed. Motion for discretionary review was granted by this court on April 3, 1979.

On this appeal two issues are raised:

### Issue One

"When a corporation denies a shareholder's demand to examine its books and records, affirmatively asserting that the shareholder is motivated by an improper purpose, the corporation has the burden of proving the affirmative defense that the shareholder's motive is improper."

First of all, the circuit judge held that the respondent had the burden of proving that movant was motivated by an improper purpose. KRS 271A.260(2) deals with the rights of minority shareholders to inspect corporate records and provides as follows:

"Any person who shall have been a holder of record of shares or of voting trust certificates therefor at least six (6) months immediately preceding his demand or shall be the holder of record of, or the holder of record of voting trust certificates for, at least five per cent (5%) of all the outstanding shares of the corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose its relevant books and records of account, minutes, and record of shareholders and to make extracts therefrom. An inspection authorized by this paragraph may be denied to such shareholder or other person if he refuses to furnish to the corporation, its transfer agent or registrar, an affidavit that the inspection is desired for a proper purpose, that he has not within two (2) years sold or offered for sale any list of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, that he has not

aided or abetted any person in procuring any list of shareholders or of holders of voting trust certificates for any such purpose, and that he has not improperly used any information secured through any prior examination of the books or records of account, or minutes, or record of shareholders or holders of voting trust certificates for shares of such corporation or any other corporation."

The movant's complaint and affidavit adequately set forth facts which, per se, would entitle her to the relief sought in the complaint. Respondent filed the affidavit of Estle Parsons, movant's mother, president of the respondent corporation, which puts in issue whether the request for inspection of the corporate records was made for a proper purpose.

■ The fixing of the burden of proof in cases such as this is treated in Section 2253.-1, Fletcher Cyclopedia Corporations, Vol. 5, Chapter 18, 1976 (Perm. Ed.), wherein it is stated:

"Although there is respectable authority to the contrary, the majority common-law rule seems to be that the burden of proving that stockholders, who have made a demand for an inspection of the books of the corporation and have been refused, were acting from improper motives rests upon the defendant. Moreover, the specific statutory provisions generally take from the stockholder the burden of showing propriety of purpose. * * * *"

Our own cases are in accord with this view. *Lee v. Tucker*, Ky., 365 S.W.2d 849 (1963). This burden once fixed stays with the party. *Moss v. Mittel*, 252 Ky. 504, 69 S.W.2d 1046 (1934). The burden of going forward with the evidence may shift from one person to another.

In *Keeneland Association v. Pessin*, Ky., 484 S.W.2d 849 (1972), we were presented with a situation analogous to the present issue. The issue as stated by this court was "* * * whether a corporation may refuse to transfer stock in the name of the transferee where it is shown there exists a

conspiracy to destroy the corporation." Thereafter, this court said:

" * * * Since Dr. Pessin established the ownership of the stock, the burden of proof was on Keeneland. * * * By the very nature of Keeneland's defense, namely, that Pessin's intentions were to act to the detriment of Keeneland, there was little Pessin could do but state his intentions. He has done that. At that point it was incumbent upon Keeneland to come forward with evidentiary material showing there was a genuine issue as to a material fact or that Dr. Pessin was not entitled to a judgment as a matter of law."

█ In the case at bar, to paraphrase *Keeneland,* supra, there is little movant could do other than to state her intentions. She did that in her complaint and affidavit. At that point it was incumbent upon the respondent to go forward with evidence to show that movant's request was not made for a proper purpose.

█ The trial court proceeded properly in placing the burden of proof on respondent.

### Issue Two

"The circuit court's finding of fact that the corporation had not sustained its burden of proving its affirmative defense that the shareholder's request for inspection was for an improper purpose was not clearly erroneous."

Regardless of whether movant or respondent had the burden of proof, we need to look to the evidence and analyze it so as to determine whether the trial court acted erroneously in determining that there was a proper purpose in movant's demand.

Movant transferred two shares of stock to each of her six children, thus causing the total number of shareholders to exceed ten and, therefore, make the corporation ineligible for Subchapter "S" status.

█ There is nothing in the factual record of this case to indicate that the transfer was made for the purpose of injuring the corporation. Subchapter "S" election is a personal choice of the shareholder and, as such, recision of this election is up to the stockholder. Knowledge that the change of tax status of the corporation would not be for its benefit is not sufficient to show improper purpose. There are numerous legitimate reasons for a stockholder to not want to continue Subchapter "S" status, any number of which could apply here. Among other possible reasons, the record shows that other stockholders had transferred shares to their children so it is likely that movant merely wanted to do the same. The respondent cites no authority to show that this transfer of stock constituted an improper purpose, and this court has been unable to find any. For this court to accept the respondent's contention, the court would be forced to infer an improper motive from Patricia's acts, which could just as easily have been done for proper reasons.

"The fact that the stockholder has a suit pending against the corporation does not alone affect his right to an inspection or show an improper motive in seeking it." Fletcher Cyc. Corp., Vol. 5, Chap. 18, 1976 (Perm. Ed.).

█ In the present relationship between movant and the other shareholders of the corporation, there is a controversy not only as to the ownership of 90 shares of stock but also a controversy as to the propriety of paying dividends on these shares. The relevancy of the action for inspection of the corporate books is that it presents a prima facie case for concluding that movant's actions were for a proper purpose.

█ Movant's husband is charged with threatening to spend up to Two Million Dollars ($2,000,000) in an effort to destroy the respondent corporation. The weakness of respondent's contention is in its relevance to movant's request to inspect the corporate records. Patricia's husband is not a shareholder. There is no evidence showing that he has legal control over his wife's stock, and there is nothing in the record showing that movant had given up actual control of her stock to her husband. In other words, the facts show no agency rela-

tionship between movant and her husband. There is no longer in this state a presumption of agency between husband and wife in dealing with each other's property. *Lazarus' Adm'x v. Hall*, 287 Ky. 199, 152 S.W.2d 592 (1941). The record fails to show that movant's husband in anyway controlled her or her present demands. The fact that movant's husband is engaged in competition is irrelevant to his wife's request. Even if the movant herself were the one competing, there is no authority which holds that a stockholder cannot legitimately be involved in a business which competes with the corporation. *Keeneland Association v. Pessin*, supra.

To recapitulate, the record reflects:

1. Movant is a minority shareholder in Mack's Supermarkets, Inc.

2. Movant received 14 shares of stock upon the distribution of her deceased father's estate.

3. Movant transferred two shares of stock to each of her six children.

4. Prior to making the transfer, movant's brother Donald, Secretary-Treasurer of the corporation, advised her that such transfer would cause the corporation to lose its right to file federal tax reports under Subchapter "S".

5. Movant requested permission to inspect the corporate records and was refused.

6. Respondent commenced filing federal tax returns under Subchapter "S" in 1960.

7. Curtis Parsons, movant's father, transferred 90 shares of stock to each of his three children.

8. Movant transferred her 90 shares of stock back to her father in 1967.

9. Movant has another action pending in the Harlan Circuit Court in which she seeks to recover the 90 shares of stock which she transferred to her father and in which she seeks to enjoin the respondent from paying any dividends on these shares of stock until their ownership is determined.

10. The children of movant's two brothers each have shares of stock in the respondent corporation.

11. Respondent charges that the inspection request was for an improper purpose.

12. Movant charges that her request for inspection is for a proper purpose.

13. Movant alleges that she seeks to inspect the corporate records so as to determine whether the corporate finances are being properly administered.

14. Movant's husband threatened to spend up to Two Million Dollars ($2,000,000) in an effort to break the respondent corporation.

15. Movant's husband is constructing, or has constructed, a shopping center containing stores that will be in direct competition with respondent.

The circuit court held in effect that the respondent had not sustained its burden of proof, and the proper inquiry on appeal ordinarily would be whether the proof was so convincing that no impartial fact finder could find to the contrary. In this case respondent's proof did not rise to that level and hence the ruling of the circuit court was correct. We have looked to the evidence and analyzed it and have determined that the trial court did not act erroneously in concluding that there was a proper purpose in movant's demand. We believe that the trial court went further than it had to go in making findings. However, there was ample substantial evidence to support those findings, and they cannot be condemned as "clearly erroneous." They are binding on appeal. When the competent evidence is gleaned from the incompetent, we are of the opinion that the trial court properly determined that the burden of proof was on the respondent and that movant was proceeding for a proper purpose.

The respondent, Mack's Supermarkets, Inc., will open such of its books and records as will be pertinent to a determination of whether any of its officers or any of its employees has caused or permitted to be made any improper expenditure or has made or permitted to be made any improper withdrawal from it.

The decision of the Court of Appeals is reversed and this action is remanded to the Harlan Circuit Court for proceedings consistent with this opinion.

All concur.