## 61085. SMITH et al. v. CONLEY et al.

POPE, Judge.

This is an action brought by the appellees, as members of the Atlanta Car for Hire Association, a Georgia nonprofit corporation, to compel the production and inspection of the books and records of the corporation pursuant to Code Ann. § 22-2612 and for the appointment of an auditor by the court to conduct the inspection. The members also sought the award of the costs of the action, as well as reasonable attorneys fees. The appellants are officers and directors of Atlanta Car for Hire Association, Inc. (hereinafter referred to as officers.)

This is the second appearance of the case before this court. The

officers previously appealed from the grant of a motion for summary judgment by the trial court filed by the members on October 13, 1978 and granted February 8, 1979. This grant of summary judgment was reversed on appeal in *Smith v. Conley,* 152 Ga. App. 589 (263 SE2d 453) (1979). On May 14, 1980 the members filed a supplemental brief to their original motion for summary judgment. An affidavit was also filed setting forth the amount of reasonable attorney's fees which the members contended they were entitled to as provided for by Code Ann. § 22-2612 (b).

On June 17, 1980 the trial court granted the members' motion for summary judgment in part. The trial court authorized an inspection of all the books and records of the corporation pursuant to Code Ann. § 22-2612 (a) and awarded the members $1,000.00 in attorney's fees plus the cost of the action pursuant to Code Ann. § 22-2612 (b). The trial court denied the members' motion for an appointment of an auditor. The officers appeal.

1. The officers contend that the trial court erred in ordering an inspection of the corporation's books and records pursuant to Code Ann. § 22-2612 (a). The members argue that the trial court properly authorized an inspection of the books and records because the provisions of Code Ann. § 22-2612 (a) had been met. It is the officers position that there remain genuine issues of material fact as to the propriety of an inspection. Specifically, the officers contend that the inspection was not sought for a proper purpose nor was it sought at a reasonable time. We disagree.

Code Ann. § 22-2612 (a) provides: "Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its members, board of directors and committees having any of the authority of the board of directors; and if a corporation has members entitled to vote it shall keep at its registered office in this State a record of the names and addresses of such members. *All books and records of a corporation may be inspected by any member, or his agent or attorney, for any proper purpose at any reasonable time.*" (Emphasis supplied.) Thus, Code Ann. § 22-2612 (a) establishes a basic right of inspection for members of a nonprofit corporation. *Smooth Ashlar Grand Lodge v. Odom,* 136 Ga. App. 812 (1) (222 SE2d 614) (1975). Safeguards against possible abuse of this right are that the inspection must be sought for a proper purpose and at a reasonable time. Code Ann. § 22-2612 (a).

The officers contend that the members failed to satisfy the provisions of Code Ann. § 22-2612 (a) because they failed to demonstrate that their purpose in seeking inspection of the books and records was proper. However, an examination of the affidavits

submitted by the members in support of their motion for summary judgment reveals that the element of proper purpose, required by the statute, was satisfied. The documents were sought in order to determine whether proper records were being kept, the performance of management and the condition of the company. This is a proper purpose for inspection. *Riser v. Genuine Parts Co.,* 150 Ga. App. 502 (1) (258 SE2d 184) (1979). The officers contend that the members brought the instant action for the purpose of harassing Atlanta Car for Hire Association, Inc. and its officers and directors. The officers contend that the books and records sought by the members in the instant action were at the members' disposal during an eight month period prior to the filing of this lawsuit because the members were privies to an earlier lawsuit brought by a member of the corporation in June, 1977 seeking inspection of the books and records. Standing alone, the fact that the members had exercised their statutory right to inspect the books at sometime within a one-year period does not amount to evidence of improper purpose. See *Shelters, Inc. v. Reeve,* 131 Ga. App. 18 (1) (205 SE2d 108) (1974). Furthermore, an examination of the record reveals that even though the members may have had access to the records and books of the corporation, the accountant who was to audit them received only some of the books and records. For the above reasons the trial court properly ordered an inspection of the corporation's books and records pursuant to Code Ann. § 22-2612 (a).

2. The officers contend that the trial court erred in awarding attorney's fees to the members pursuant to Code Ann. § 22-2612 (b). The officers argue that the $1,000.00 awarded as reasonable attorney's fees by the trial court constituted unliquidated damages. We disagree.

Code Ann. § 22-2612 (b) provides: "If a member resorts to an action or proceeding to enforce the rights of members provided in this section and if the member prevails in such action or proceedings, the court may allow such member the cost of his action or proceeding, *including a reasonable amount for attorney fees.*" (Emphasis supplied.) In the instant action, one of the members' attorneys submitted an affidavit in regard to the issue of attorney's fees. This affidavit was uncontroverted. Since the amount of attorney's fees was reasonably shown to be certain, the trial court did not abuse its discretion in granting summary judgment on the issue of attorney's fees.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 7, 1981.

*William A. Dinges,* for appellants.
*Tyrus R. Atkinson, Jr.,* for appellees.