William C. KALANGES and
Bernard P. Lemieux v.
CHAMPLAIN VALLEY
EXPOSITION, INC.

[632 A.2d 357]

No. 91-600

July 30, 1993. Plaintiffs Kalanges and Lemieux are shareholders in the Champlain Valley Exposition (the Fair). Plaintiffs are appealing a superior court decision denying their challenge to the Fair's status as a nonprofit corporation, the method and price of sale of its stock and their demand for access to the Fair's corporate records. The trial court found that plaintiffs' principal claims were barred by the statute of limitations and granted defendant's motion for summary judgment. Further, the court denied plaintiffs access to the records, holding that their purpose in demanding access was not "proper." We affirm in part and reverse in part.

To grant summary judgment, the court must find that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(c). Review of the facts must be considered in the light most favorable to the nonmoving party. *Pierce v. Riggs*, 149 Vt. 136, 139, 540 A.2d 655, 657 (1987). The undisputed facts show that defendant is a Vermont corporation created in 1922 to promote and maintain an agricultural and industrial fair. Since 1922, the Fair has authorized 2,000 shares of stock to be sold, but has never paid a dividend to the shareholders, nor paid any member of the board of directors. The Fair has always been considered tax-exempt by the Internal Revenue Service. In 1969, at the annual shareholders' meeting, the Fair presented an amendment to its articles of association, clarifying its nonprofit status and the absence of shareholder rights to corporate earnings. The Fair's records show that all shareholders with known addresses were sent the agenda and the proposed amendment before the meeting. Lemieux was not present at the meeting, and does not recall if he was contacted. The amendment passed and was filed with the Secretary of State in 1972. Lemieux acquired one share of stock in 1965, which he continues to hold; Kalanges has sixteen shares of stock, the first of which he acquired in 1978.

In 1987, plaintiffs filed suit claiming that the 1969 amendment was illegal because the Fair failed to notify all the shareholders of the meeting, and as a result, failed to secure the approval of two-thirds of the shareholders. The trial court found that the Fair had made reasonable attempts to contact all the shareholders and that it was likely, therefore, that Lemieux had been ap-

---

praised of the meeting. Hence, his cause of action against the illegal amendment would have accrued in 1969. Even if Lemieux could prove that he was not notified of the meeting, the court found he would have had notice of the amendment in 1972 when the change was filed with the Vermont Secretary of State. Finally, the court found that Kalanges's cause of action would have accrued at the latest in 1978 when he acquired his stock and was on notice as to the profit status of the Fair.

The Vermont statute of limitations for general civil actions is six years. 12 V.S.A. § 511. The trial court found that a reasonable shareholder, similarly situated to plaintiffs, knew or should have known of the profit status of the Fair either in 1969, 1972 or 1978. Applying the six-year statute of limitations, and using 1978 as the latest date their cause of action could have accrued, plaintiffs' time to file suit expired in 1984. Therefore, the trial court concluded that based on the undisputed evidence, and as a matter of law, plaintiffs' claims were barred by the statute of limitations. We agree and affirm that portion of the trial court's decision.

Plaintiffs' remaining challenge is to the trial court's denial of access to the Fair's corporate records. A shareholder, as an owner of the corporate property, is entitled to examine all the books and records of the corporation. *Lewis v. Brainerd,* 53 Vt. 510, 516 (1881). The Vermont Nonprofit Corporation Act, 11 V.S.A. § 2372, states that nonprofit corporations must keep complete books and. records, and minutes of proceedings, available for inspection by any member of the corporation, for any proper purpose. Plaintiffs asked to examine the corporate records of annual and special meetings of the Fair, and their request was denied. The trial court found for the Fair on this issue, stating that plaintiffs' purpose in requesting the information was not "proper."

There is no Vermont case law as to what constitutes a "proper purpose," and little other guidance on the issue. The Model Business Corporation Act, § 16.02, states that when a shareholder requests to examine corporate documents, several conditions must be met: (1) the request must be in good faith and for a proper purpose, (2) the request must be described with particularity, and (3) the records must be directly connected with the purpose. Vermont's Business Corporation Act does not directly follow the Model Act, but the commentary on the Model Act provides guidance in interpreting Vermont's law. According to the official commentators, a proper purpose is one reasonably relevant to the demanding shareholder's interest as a shareholder. Proper purpose has been found where shareholders wanted to determine the value of their shares, to ascertain possible mismanagement of the corporation, and to communicate with other shareholders. "Communication" includes soliciting proxies in an attempt to gain control of the management of the corporation. *Fears v. Cattlemen's Inv. Co.,* 483 P.2d 724, 728 (Okla. 1971). Even "hostility between the parties, a threatened lawsuit, or an attempt to gain control of a corporation" are not sufficient, in and of themselves, to prevent access to corporate records. *Bergmann v. Lee Data Corp.,* 467 N.W.2d 636, 639 (Minn. Ct. App. 1991).

At common law, the burden of establishing proper purpose is on the shareholder, the party seeking access to the records. *Albee v. Lamson & Hubbard Corp.,* 69 N.E.2d 811, 813

(Mass. 1946); *State ex rel. Costello v. Middlesex Banking Co.*, 88 A. 861, 862 (Conn. 1913); *In re Steinway*, 53 N.E. 1103, 1107 (N.Y. 1899). However, the trend is away from this presumption to one where the shareholder's purpose is presumptively proper, and the burden shifts to the corporation to show improper purpose. See, e.g., *Miles v. Bank of Heflin*, 328 So. 2d 281, 288 (Ala. 1975) (Shores, J., specially concurring); *DeRosa v. Terry Steam Turbine Co.*, 214 A.2d 684, 687 (Conn. Super. Ct. 1965); *Florida Tel. Corp. v. State ex rel. Peninsular Tel. Co.*, 111 So. 2d 677, 681 (Fla. Dist. Ct. App. 1959); *Dynamics Corp. of America v. CTS Corp.*, 479 N.E.2d 1352, 1353 (Ind. Ct. App. 1985); *Bennett v. Mack's Supermarkets, Inc.*, 602 S.W.2d 143, 146 (Ky. 1979); *Hanrahan v. Puget Sound Power & Light Co.*, 126 N.E.2d 499, 503 (Mass. 1955) (statutory law, departing from state common law tradition); *Nationwide Corp. v. Northwest Nat'l Life Ins. Co.*, 87 N.W.2d 671, 679 (Minn. 1958); *State ex rel. Jones v. Ralston Purina Co.*, 343 S.W.2d 631, 641 (Mo. Ct. App. 1961); *Delmarmo Assocs. v. New Jersey Engineering & Supply Co.*, 424 A.2d 847, 848 (N.J. Super. 1980); *Crane v. Anaconda Co.*, 346 N.E.2d 507, 511, 382 N.Y.S.2d 707, 710 (1976); *Carter v. Wilson Constr. Co.*, 348 S.E.2d 830, 832 (N.C. Ct. App. 1986); *Celina Mutual Ins. Co. v. American Druggists Ins. Co.*, 369 N.E.2d 1066, 1069 (Ohio Ct. App. 1977); *Babbitt v. Pacco Investors Corp.*, 425 P.2d 489, 494 (Or. 1967).

Neither plaintiffs nor defendant introduced any evidence relating to the purpose of plaintiffs' request to examine the documents. The trial court noted only an attempt by plaintiffs to gain control of the Fair's management without making any specific findings regarding that allegation,

and on that basis denied access to the records. As discussed above, this is not an improper purpose in and of itself. Because there is no evidence in the record on this point, we find that the Fair did not meet its burden of establishing an improper purpose, and we reverse the court's denial of access to the records.

*Affirmed in part; reversed in part.*