The Honorable Jim Hill State Representative 100 Center Nashville, AR 71852-3821
Dear Representative Hill:
This is in response to your request for an opinion on the following question:
 Does the language of Arkansas Code § 4-28-218(e) opening the nonprofit corporation's "books and records" to its members include an individual employee's wage and salary information or could the nonprofit simply supply information about employees as a lump-sum amount?
RESPONSE
It is my opinion that the answer to this question will depend upon the particular facts surrounding the request for access to the records under A.C.A. § 4-28-218. While I am thus unable to conclusively resolve the matter, I will nevertheless address § 4-28-218 from a general standpoint.
Question — Does the language of Arkansas Code § 4-28-218(e) opening thenonprofit corporation's "books and records" to its members include anindividual employee's wage and salary information or could the nonprofitsimply supply information about employees as a lump-sum amount?
Section 4-28-218, which is part of the Arkansas Nonprofit Corporation Act (A.C.A. § 4-28-201 et seq.), provides as follows:
 (a) Each corporation shall keep correct and complete books and records of account.
 (b) All receipts of moneys and expenditures shall be properly recorded according to accepted accounting principles.
 (c) A record of the proceedings of its members, board of directors, and committees shall be kept.
 (d) A record of the names and addresses of its members entitled to vote shall be maintained at the principal office or place of business of the corporation.
 (e) All books and records of a corporation may be inspected by any member for any proper purpose at any reasonable time.
A.C.A. § 4-28-218 (Repl. 1996) (emphasis added).
Clearly, therefore, provision is made for members' inspection of financial and business records of a nonprofit corporation "for any proper purpose. . . ." No further guidance is provided with respect to this "proper purpose" requirement. It is generally held, however, under provisions similar to § 4-28-218(e), that a member's right to inspect corporate books and records is not absolute but is qualified. See 18 C.J.S. Corporations § 333 (1990). This approach is reflected in the following statement by the Arkansas Supreme Court in a case involving access to church records under § 4-28-218(e):
 [i]t is clear that under § 64-1913 [now codified as A.C.A. § 4-28-218] the appellees are not entitled to inspect the church's records as a matter of right. Instead, they are allowed to so inspect upon a demonstration of a proper purpose.
Gipson v. Brown, 288 Ark. 422, 706 S.W.2d 369 (1986) (Gipson I) (emphasis added). See also Gipson v. Brown, 295 Ark. 371, 749 S.W.2d 297 (1988).
Whether a valid reason exists for a request to inspect corporate books and records will, it seems, require a case-by-case determination. It has been stated as a general matter that a "proper purpose" can be surmised where the purpose for requesting the information bears some reasonable relationship to the legitimate interests that the member wants to protect by seeking inspection. 18 C.J.S. Corporations, supra. The "threshold requirement" was met in Gipson I, according to the court, "[s]ince the complaint filed in this case contained allegations of abuse of power by the elders and impropriety in the selection of the board of directors. . . ." 288 Ark. at 427. A review of cases from other jurisdictions reveals findings of "proper purpose" where members seek to determine whether proper records are being kept, to ascertain possible mismanagement of the corporation or misconduct by corporate officials, and to assess the condition of the corporation. See Schein v. NorthernRio Arriba Electric Coop., Inc., 122 N.M. 800, 932 P.2d 490 (1997);Kalanges v. Champlain Valley Exposition, Inc., 160 Vt. 644, 632 A.2d 357
(1993); Smith v. Conley, 158 Ga. App. 191, 279 S.E.2d 491 (1981).
The modern trend, moreover (or the so-called "majority common-law rule," see Schein, supra), places the burden on the corporation to show improper or unreasonable purpose in denying members' access to corporate data.Champlain Valley Exposition, Inc., supra, 632 A.2d at 646; see alsoCitizens Assoc. for Sound Energy (CASE) v. Boltz, 886 S.W.2d 283
(Tx.Ct.App. 1994). This reflects a policy that grants generous access to corporate information by members. Schein, supra, 932 P.2d at 493.
With regard to your particular question involving access to individual employees' wages and salaries, I can make no conclusive determination in the absence of additional information concerning the exact context of or basis for the request. It should perhaps be noted, however, that notwithstanding the trend toward a predisposition in favor of allowing reasonable inspection of corporate books and records, the scope of records to which a member has access is limited by considerations of privacy, privilege and confidentiality. As stated by the Pennsylvania Supreme Court:
 Some accessible documents, or portions thereof, may be protected from disclosure by legitimate considerations of: privacy, such as references to an individual employee's health records; privilege, such as communications protected by the attorney-client privilege or work product doctrine; or confidentiality, where both the corporation's purpose and the public's interest are served by keeping information confidential.
Lewis v. Pennsylvania Bar Association, 549 Pa. 471, 701 A.2d 551, 554
(1997).
Such privacy considerations could, I believe, support a refusal to reveal the compensation paid to each individual employee. Such individual salary information, if disseminated, could reasonably infringe on the privacy interests of employees; and at least one state trial court has so determined. Schein v. Northern Rio Arriba Electric Coop., Inc.,1997-NMSC-011. Thus, depending upon the facts, it may well be that the corporation would be justified in supplying the wage and salary information as a lump sum amount, or perhaps by position as opposed to on an individual name basis.[1] Again, however, a conclusive determination would require consideration of all facts surrounding the particular inspection request, with an eye toward weighing the competing needs and interests of parties affected by the disclosure of corporate records.See generally Schein, supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] One potential caveat attends this conclusion. If the nonprofit corporation in question is "wholly or partially supported by public funds" (A.C.A. § 25-19-103(1) (part of the Arkansas Freedom of Information Act, "FOIA") and it carries on public business or is otherwise intertwined with the activities of government such that it is subject to the FOIA, then a different analysis likely applies. There is no requirement under the FOIA that one must demonstrate a "proper purpose" in order to inspect and copy public records. Compare A.C.A. §§4-28-218(e), supra, and 25-19-105 (examination and copying of public records under FOIA). Privacy concerns may still come into play if the privacy interest is significant enough to trigger the constitutional right to privacy. See generally McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). But if the corporation is subject to the FOIA, I believe its books and records will generally be considered "public records" and will thus be subject to public inspection unless a specific exemption applies.