*Pepin v. Pepin Granite, Inc.*, No. 613-6-15 Wncv (Teachout, J. Dec. 6, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 613-9-15 Wncv** |

**Raymond C. Pepin**
    **Plaintiff**

    **v.**

**Pepin Granite, Inc.**
    **Defendant**

### DECISION
### Cross-Motions for Attorney Fees and Costs

This case is a second front in a battle being waged primarily in the Chittenden Civil Division. *Pepin v. Pepin Granite, Inc.*, No. 544-6-15 Cncv. There, Plaintiff Raymond Pepin has asserted breach of contract and unjust enrichment claims against the corporation in which he remains a shareholder, Defendant Pepin Granite, and for which his two stepsons are majority shareholders. Here, Mr. Pepin filed an application for inspection of certain business records of Pepin Granite pursuant to 11A V.S.A. §§ 16.02–16.04.

Pepin Granite immediately argued in response that the application was filed in bad faith. It asserted that Mr. Pepin's original counsel in this case (and then-current counsel in the Chittenden case) should be disqualified and, once that matter was resolved, no controversy over the inspection of corporate records was anticipated. It also objected that this case is unnecessarily duplicative because anything sought in this proceeding could more efficiently have been sought in the earlier filed Chittenden proceeding. Pepin Granite further argued that Mr. Pepin and his original counsel in this case already had access to some or all the records sought here, and the records sought exceed the scope of the stated purposes for seeking them.[1]

Nevertheless, in February 2016, Attorney Kolitch for Defendant and Plaintiff's original counsel (since replaced) agreed that certain information—everything originally sought by Plaintiff—would be produced. Responsive documents were promptly produced. There has never been any showing that Defendant failed to produce anything requested, and the court expressly so determined in its September 18, 2017 Order. Between February 2016 and September 2017, the parties were at a stalemate. Defendant maintained that it had produced what had been requested, though it was unable to say precisely what it had produced. Plaintiff, now represented by Attorney Weatherly, purported to not know whether he had received what he had requested even though his right to inspect is expressly conditioned on describing his requests "with reasonable particularity," 11A V.S.A. § 16.02(c)(2), and he presumably knew all along

---

[1] Pepin Granite also has expressed concerns over Mr. Pepin's competency. More recently, Defendant has submitted an excerpt of a transcript of a hearing in the Chittenden case in which Mr. Pepin appears to indicate that he has no awareness that this case ever has existed. The court declines to address such matters as they are unnecessary to this decision.

whether he possessed a requested document or not.

Following the court's September 18 Order, the parties filed the pending motions seeking attorney fees and costs. Pepin Granite seeks fees under the bad faith exception to the American Rule. See *Appeal of Gadhue*, 149 Vt. 322, 330 (1987). Mr. Pepin seeks fees according to 11A V.S.A. § 16.04(c). The court declines to award attorneys' fees to either party on this record.

Pepin Granite's argument is that this case never should have been filed; its only purpose has been harassment. It therefore was wholly vexatious and falls within the bad faith exception to the American Rule. See *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶¶ 75–82, 179 Vt. 167 (discussing Vermont law on the equitable exception in detail). As explained in *Monahan*, an equitable deviation from the American Rule applies only in "exceptional cases and for dominating reasons of justice." *Id.* ¶ 76. Typically, that requires a wholly unnecessary vexatious *second* round of litigation. There is no second round of litigation here. However inefficient it may have been to file this additional case, Plaintiff had a statutory right to do so. 5A Fletcher Cyc. Corp. § 2213 ("[S]hareholders who demand inspection are not precluded from seeking judicial enforcement of their inspection rights merely because they have another suit pending against the corporation and could obtain the same records through the discovery process."). The court declines to apply the exception in these circumstances.

Mr. Pepin also is not entitled to fees. His application in this case had to be supported by "good faith" and "proper purpose." *Kalanges v. Champlain Valley Exposition, Inc.*, 160 Vt. 644, 645 (1993). He is not entitled to fees if Pepin Granite "refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded." 11A V.S.A. § 16.04(c). Pepin Granite originally refused inspection only temporarily based on the belief that Mr. Pepin's original counsel should be disqualified, along with other circumstances which it found inefficient and harassing. It then nevertheless produced all requested documents though that attorney continued to represent Mr. Pepin. The court declines to conclude that the circumstances of this case establish Mr. Pepin's bad faith. The court does conclude, however, that Pepin Granite had a reasonable basis for doubting whether this case was filed and pursued in good faith, given the overlap with discovery in the Chittenden case. That is sufficient to deny fees pursuant to § 16.04(c).

ORDER

For the foregoing reasons, both motions for fees and costs are denied.

Dated at Montpelier, Vermont this 5th day of December 2017.

_____
Mary Miles Teachout
Superior Judge

2