## 48845. SHELTERS, INC. v. REEVE.

BELL, Chief Judge.

Plaintiff, a stockholder of the defendant brought suit under Code Ann. § 22-613 seeking an order directing defendant to permit him to inspect the corporation's books, records, etc.; for a five hundred dollar penalty for defendant's refusal to furnish plaintiff with a copy of defendant's most recent balance sheet and profit and loss

statement; and for attorney fees. The defendant in its answer alleged that the plaintiff was not acting in good faith or for a proper purpose in making his demands for the right to inspect the records and for the profit and loss statement. After hearing "all proper evidence," the trial court found as facts that plaintiff was acting in good faith and for a proper purpose; had met all requirements of the statute; and that his counsel had expended considerable time and effort. Plaintiff was granted the relief he requested plus $1,500 attorney fees. In the notice of appeal, defendant designated that no transcript of evidence and proceedings would be filed for inclusion in the record on appeal. *Held:*

1.  (a) Code Ann. § 22-613 (d) provides that the trial court "shall hear the parties summarily, by affidavit or otherwise, and . . . the court shall grant an order permitting . . . inspection . . . and grant . . . other relief, including costs and reasonable attorneys' fees. . ." and "The court may deny or restrict inspection" if it finds that the stockholder is not acting in good faith or for a proper purpose in making his demand. Plaintiff filed an affidavit showing that he had demanded from defendant an opportunity to inspect the books and records and had demanded the most recent balance sheet and profit and loss statement; and that defendant had refused to honor the demands. Defendant filed two affidavits to support its defense of bad faith and improper purpose. As the record on appeal contains no transcript, the issue as to whether the defendant showed that plaintiff was not acting in good faith or for a proper purpose must be resolved by the contents of defendant's affidavits. In summary, both affiants, shareholders in the defendant corporation, state that if plaintiff is permitted to inspect the books and records of account, it "will seriously impair the future financial integrity of the company"; and that all information requested by plaintiff has been furnished to plaintiff three times in the past two years. No facts are given to support the conclusion that disclosure of the books to plaintiff would impair the future financial integrity of the defendant. A conclusion is not evidence. Standing alone, the fact that the plaintiff had exercised his statutory right to inspect the books at some time

within the past two years does not amount to evidence of bad faith or improper purpose. Thus the affidavits fail to show any bad faith or improper purpose by plaintiff. In the absence of a transcript of evidence, we are bound to assume that the trial judge's findings and judgment are supported by competent evidence. *Simmons v. Chambliss,* 128 Ga. App. 218 (196 SE2d 183).

(b)  The trial court ordered the defendant to produce all of its books and records, etc. It is now contended that the order was overly broad and that the trial court erred in not restricting its order by requiring defendant to produce only those books and records which plaintiff showed as germane to his interest and not inimical to the defendant. The defendant by its pleading and the affidavits resisted the plaintiff's application in toto on the basis of bad faith and improper purpose. No issue was raised in the trial court that plaintiff's demand was overly broad nor did defendant ask the trial court to restrict the inspection in any way. This issue cannot be raised for the first time on appeal. A ruling by the trial court should have been invoked.

2.  Code Ann. § 22-613 (f) provides that upon written request of a stockholder, a corporation shall mail to the latter a copy of the corporation's most recent balance sheet and profit and loss statement. A corporation which refuses a stockholder's request is liable to the shareholder in a penalty of $500. Code Ann. § 22-613 (g). It is uncontroverted that the defendant refused plaintiff's request for this information. Defendant again raised the issue of plaintiff's lack of good faith and proper purpose in requesting this information which is completely independent from the right to inspect the books, records, etc., granted by Code Ann. § 22-613 (b). Even though there is no evidence of bad faith or improper motives by plaintiff, no question of good faith can be raised pursuant to Code Ann. § 22-613 (f) or (g) to defeat a stockholder's unbridled statutory right to this information. The $500 penalty was authorized.

3.  The award of $1,500 attorney fees is attacked on the ground that no evidence was introduced to show the number of hours expended by plaintiff's attorneys in preparing the case in order to give the court a guideline

by which a reasonable fee could be determined. Again, in the absence of a transcript, we are bound to assume that the trial judge's findings of fact on this question are supported by competent evidence. *Simmons v. Chambliss,* 128 Ga. App. 218, supra.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 7, 1974 — DECIDED FEBRUARY 19, 1974.

*Davis, Matthews & Quigley, Baxter L. Davis, L. Brown Bivens,* for appellant.

*Lanier & Elliott, Wayne T. Elliott, E. Ray Lanier,* for appellee.