## S91A1344. HARTLEY-SELVEY v. HARTLEY.
(410 SE2d 118)

CLARKE, Chief Justice.

Appellant, former wife, filed an application for attachment for contempt against appellee, former husband, alleging that he had failed to pay his share of their minor child's college expenses in violation of the settlement agreement incorporated into the final divorce decree.

Paragraph six of the settlement agreement provides

Husband and wife do hereby agree that any and all college expenses for the education of [the minor child] shall be shared jointly between the parties.

Appellant alleged that appellee's share of the child's freshman year college expenses amounted to $8,272.25, and that his share of her

sophomore year college expenses amounted to $8,020. Appellant alleged that appellee had wilfully refused to pay these amounts. The trial court found that appellee had forgiven a $4,500 debt owed him by appellant, and that appellant had applied this amount to the first year of college expenses. The trial court determined that this sum was a "reasonable amount" in relation to one year of college expenses, but also found that appellee had failed to pay any amount toward the child's second year of college expenses and was therefore in wilful contempt. The trial court ordered that appellee might purge himself "by paying reasonable expenses of college for the current year in the amount of $4500."

We granted appellant's application to appeal to determine whether the trial court erred in construing the settlement agreement to provide that appellee pay only "reasonable" expenses, and in deciding that "reasonable" expenses amounted to $4,500.

The trial court determined that the language of paragraph six of the settlement agreement did not reflect the true intent of the parties with regard to the financial obligations they wished to incur. However, where the terms of a contract are clear and unambiguous, the court must look to those terms alone to determine the intent of the parties. *Southern Fed. Savings &c. Assn. v. Lyle*, 249 Ga. 284, 287 (290 SE2d 455) (1982). The language of the settlement agreement provided that the parties would jointly share "any and all" college expenses of the minor child. This language is clear and unambiguous. While the parties could have placed limitations on the amount of their contractual obligations for college expenses, they elected not to do so. In view of the clear language of the settlement agreement, the trial court erred in imposing such a limitation.

Further, the record in this case indicates that no evidence was offered to show that $4,500 is a "reasonable" annual amount for appellee to pay toward his daughter's college education. Rather, the record shows that the appellee forgave appellant a debt unrelated to college expenses in the amount of $4,500, and that the trial court used this figure to determine the sum appellee should be required to pay for college expenses.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 22, 1991.

*Custer & Hill, Lawrence B. Custer, Barton R. Bright III*, for appellant.

*Warner, Mayoue & Ryals, John C. Mayoue, Alvah O. Smith*, for

appellee.