S06A1524, S06X1525. NORRIS v. NORRIS; and vice versa.
(642 SE2d 34)

HUNSTEIN, Presiding Justice.

Linda Norris (Wife) filed a contempt action against her former husband, Thomas Norris, alleging that he failed to pay the college expenses of their son in violation of the final judgment and decree of divorce. The final judgment obligated Husband to pay

> the expenses of a college education of the minor child, including, but not limited thereto, tuition, room and board, books and other miscellaneous expenditures. The Husband's responsibility for the expenses of the tuition of the college education shall not exceed the amount of tuition of an in-State student at the University of Georgia attending the Bachelor's program, either as a Bachelor of Art or Bachelor of Science or other similar type degree.

The trial court determined that Husband was obligated under the final judgment to pay college expenses for eleven semesters and based on evidence presented regarding the child's expenses and monies previously provided by Husband, the court ordered Husband to pay an additional $36,210.29. We granted Wife's application to appeal in Case Number S06A1524 to determine whether the trial court erred by imposing an eleven semester limit on Husband's obligation to pay college expenses and reverse.

*Case Number S06A1524*

1. Husband's obligation to pay his son's college expenses arose solely from the settlement agreement between the parties that was incorporated into the final decree. See OCGA § 19-7-2; *Coleman v. Coleman*, 240 Ga. 417 (5) (240 SE2d 870) (1977). Based on the absence of language in the agreement specifying the time in which the child must complete his undergraduate education, the court determined an eleven semester limitation was "reasonable" and terminated Husband's obligation for any period of time thereafter.[1] "However, where the terms of a contract are clear and unambiguous, the court must look to those terms alone to determine the intent of the parties. [Cit.]" *Hartley-Selvey v. Hartley*, 261 Ga. 700, 701 (410 SE2d 118) (1991). In this case, the agreement obligated Husband to pay "for the expenses of a college education of" the parties' child. The only limitation placed on Husband's obligation was the agreement that the rate of tuition for which Husband would be responsible was the equivalent of an in-State student attending the University of Georgia in the Bachelor's program. While the parties could have placed a time limitation on Husband's contractual obligation to pay college expenses, they did not do so, and it was error for the trial court to impose such a limitation. See id. (court erred by reading into agreement requirement that parent pay only reasonable college expenses).[2]

*Case Number S06X1525*

2. After Wife's application for appeal was granted by this Court, Husband filed his cross-appeal, contending that the trial court erred by failing to give him credit for monies the child withdrew from a Uniform Transfer to Minors account established by Husband's parents and which the child used to pay certain college expenses. Husband raised this same issue in an application for discretionary review filed pursuant to OCGA § 5-6-35 (a) (2), which was dismissed by this Court because it was untimely filed. Accordingly, Husband's

---

[1] During the 2005 contempt hearing, it was established that the child had attended college three semesters a year for each year since fall 2000 and was expected to graduate in spring 2006.

[2] We also note that the limitation language on its face applies only to "the expenses of the *tuition* of the college education" (emphasis supplied). Though the dissent disagrees with our conclusion that the limitation clause was intended to limit only the rate of tuition rather than the time period over which such tuition must be paid, if the intent of the parties had been to place a temporal limitation on the Husband's obligation to pay, then the limitation language would likely have been drafted to apply to all the specified expenses – not only tuition but also "room and board, books and other miscellaneous expenditures" – enumerated in the agreement.

claim is barred under the doctrine of res judicata and his cross-appeal hereby is dismissed. See *Mitchell v. Oliver*, 254 Ga. 112 (1) (327 SE2d 216) (1985).

*Judgment reversed in Case Number S06A1524. All the Justices concur, except Melton, J., who concurs specially, and Sears, C. J., and Thompson, J., who dissent. Appeal dismissed in Case Number S06X1525. All the Justices concur.*

MELTON, Justice, concurring specially.

The plain language of the final judgment and divorce decree at issue in this case creates two obligations for the Husband: one regarding tuition which is presently capable of calculation, and one obligation regarding non-tuition expenses which has no similar limitations. Neither obligation is ambiguous, and each should be enforced according to the terms of the agreement.

The agreement has two operative provisions. The first provision states that the Husband must pay

> the expenses of a college education of the minor child, including but not limited thereto, tuition, room and board, books and other miscellaneous expenditures.

This general provision for the college expenses incurred by the child of the parties does not provide or impose a time limitation within which the child must complete the college education. Therefore, the trial court was not authorized to alter this unambiguous provision by inserting an eleven-semester time limitation on the Husband's obligation to pay these expenses where the parties themselves chose not to include such a limitation in the agreement. See *Hartley-Selvey v. Hartley*, 261 Ga. 700, 701 (410 SE2d 118) (1991); OCGA § 19-7-2.

The second operative provision of the agreement, however, operates to limit the Husband's obligation regarding tuition only. This provision states that

> Husband's responsibility for the expenses of the *tuition* of the college education *shall not exceed* the amount of tuition of an in-State student at the University of Georgia attending the Bachelor's Program, either as a Bachelor of Art or Bachelor of Science or other similar type degree.

(Emphasis supplied.) Although this portion of the agreement, dealing specifically with tuition, also does not expressly limit the Husband's obligation to pay to a set time period, it does limit the Husband's obligation to a fixed amount of *money*. By placing a cap on the amount of money that the Husband would have to pay for the college tuition,

the Husband's obligation is limited to the "amount of tuition of an in-State student at the University of Georgia attending the Bachelor's Program." The Husband's obligation is not limited by the student's choice to complete the program within a specified time, but by the amount of money that it costs for "an in-State student at the University of Georgia" to complete the course hour requirements for earning a Bachelor's degree — an amount that can be reasonably calculated at any time. The trial court should have based its calculation of the Husband's tuition payment obligation on the language of this provision of the agreement, and not on improper, court-imposed terms that were not part of the parties' agreement. See *Hartley-Selvey*, supra, 261 Ga. at 701.

Therefore, like the majority, I would reverse the trial court's imposition of an eleven-semester time limit on the Husband's obligation to pay the child's college expenses.

SEARS, Chief Justice, dissenting.

Under the plain language of the divorce agreement, the trial court did not err in limiting Husband's obligation to pay college tuition costs to eleven semesters. Accordingly, I dissent.

The majority characterizes its decision as the simple enforcement of a "clear and unambiguous" contractual provision.[3] In fact, however, the majority substitutes its own language for the language of the parties, thereby replacing Husband's limited obligation under the divorce agreement with an open-ended obligation to pay for the child's college expenses so long as the child is attending college.

The divorce agreement provides that "Husband's responsibility for the expenses of the tuition of the college education shall not exceed the amount of tuition of an in-State student at the University of Georgia attending the Bachelor's program." The majority contends that this language unambiguously limits only the "rate of tuition for which Husband would be responsible,"[4] even though the parties clearly could have chosen to use the term "rate" instead of "amount" had they intended to create such a narrow limitation.

Under the majority's interpretation, the limiting clause is really no limitation at all, because as long as the "rate" of tuition is no more expensive than that charged by the University of Georgia, Husband's obligation is endless so long as the child chooses to attend college. To

---

[3] Majority opinion, p. 567.
[4] Id.

achieve this result, the majority relies on plainly distinguishable cases in which a party has agreed to pay "any and all" expenses of education.[5]

As this Court recognized in *McLain v. McLain*, however, the agreement in this case was intended to specifically limit husband's total obligation by tying that obligation to the University of Georgia's Bachelor program, which is generally a four-year program.[6] The fact that the parties chose to refer to "the college education" also suggests that the clause was intended to limit Husband's total liability for the overall expense, rather than just the "rate" at which that liability could continuously grow.[7]

The divorce agreement in this case clearly contemplated that Husband would pay to give the child a fair opportunity to earn a college degree from a program that was no more expensive than the University of Georgia's Bachelor program. Thus, the agreement provides a means to determine the maximum amount that Husband would be required to contribute towards that goal. Any payment beyond that amount would be left to Husband's discretion. The trial court properly found that Husband's payment for eleven semesters of tuition satisfied this responsibility. The majority errs in reversing that decision.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED FEBRUARY 5, 2007.

*George M. Hubbard III*, for appellant.
*Jones, Osteen & Jones, Billy N. Jones*, for appellee.

---

[5] *Hartley-Selvey v. Hartley*, 261 Ga. 700 (410 SE2d 118) (1991) (trial court erred in imposing a "reasonableness" standard on husband's contractual obligation to pay "any and all" expenses of child's education); see also *Hall v. Day*, 273 Ga. 838, 840 (546 SE2d 469) (2001) (agreement to pay "all costs and expenses for [daughter's] college education at a public or state-supported university" did not limit duty to pay only for in-state tuition).

[6] *McLain v. McLain*, 235 Ga. 659, 663 (221 SE2d 561) (1975) (agreement requiring husband to pay for college education "on a plane equal to the educational opportunities at the University of Georgia" interpreted to oblige husband to pay for four years of college education such that "the cost of such college education [does] not . . . exceed the costs which would be incurred at a college on a 'plane' with the University of Georgia.").

[7] In footnote 2, the majority claims that, had the parties intended to limit Husband's overall responsibility for the college education, they would have explicitly limited his responsibility with respect to the attendant expenses, like room, board, and books, as well as tuition. The fact that there would be no other such attendant expenses, however, if the child is not enrolled in college, belies the majority's claim.