## A10A0287. OSBORNE v. CITY OF MARIETTA.
(690 SE2d 664)

JOHNSON, Presiding Judge.

Grams Osborne sued the City of Marietta after he was arrested for driving with a suspended license. Osborne claimed that the City improperly suspended his license and failed to notify him of the suspension. Osborne now appeals, pro se, from the trial court's grant of summary judgment in favor of the City, claiming that the trial court erred in granting summary judgment after he had sought to dismiss his complaint without prejudice and the City had acted in bad faith. We find no error and affirm.

The record reveals that the City filed its motion for summary judgment on January 15, 2009. The City claimed that Osborne's driver's license was rightfully suspended, and it produced a copy of Osborne's driving history showing dozens of traffic violations. On February 13, 2009, Osborne filed a "motion to dismiss without

---

[6] See *Maxey v. State*, 272 Ga. App. 800, 801 (613 SE2d 236) (2005).

[7] Id. at 802 (1).

[8] Id. at 803 (2).

prejudice," which he amended on April 1, 2009. The trial court conducted a hearing on April 29, 2009, and on May 1, 2009, it issued an order granting the City's motion for summary judgment. The trial court also found that Osborne's "motion to dismiss" was never served on the City and that it was deemed moot by the grant of summary judgment in favor of the City.

1. OCGA § 9-11-41 (a) (1) (A) generally provides that a plaintiff may dismiss an action without order or permission of the trial court, "[b]y filing a written notice of dismissal at any time before the first witness is sworn." Here, Osborne filed a "motion to dismiss" in which he "ask[ed] that the Court approve[ ] the dismissal of the complaint without prejudice. . . ." Even if Osborne's motion to dismiss could be interpreted as a notice of dismissal, such a notice must be served upon the defendant in order to take effect.[1]

Here, Osborne and the City point to conflicting evidence as to whether Osborne's "motion to dismiss" was served on the City. "When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge."[2] Osborne claims that he presented evidence during the hearing supporting his claim that he filed and served the City with his "motion to dismiss." The record does not contain a transcript of that hearing, however, and in the absence of the transcript, we must assume that the evidence supported the trial court's conclusion that the City was not served.[3] As a result of Osborne's failure to serve the motion upon the City, his complaint became "merely dormant" and the trial court did not err in ruling upon the City's motion for summary judgment.[4]

2. Osborne also claims that the trial court erred in granting summary judgment to the City after the City had acted in bad faith. It is Osborne's burden to establish error in the record, however, and he cannot carry this burden simply by making assertions in his appellate brief.[5] Here, no bad faith is shown in the record, and, in the absence of a transcript, we are bound to assume that the trial judge's findings and judgment are supported by competent evidence.[6]

3. To the extent that Osborne's enumerations of error set forth additional reasons that the trial court should not have granted

---

[1] *Jones v. Jones*, 230 Ga. 738, 740 (2) (199 SE2d 239) (1973).

[2] (Citation and punctuation omitted.) *Shields v. Gish*, 280 Ga. 556, 559 (3) (629 SE2d 244) (2006).

[3] See *Brown v. Fokes Properties 2002*, 283 Ga. 231, 232 (1) (657 SE2d 820) (2008); *Shields*, supra.

[4] See *Jones*, supra.

[5] *Oduok v. Phillips*, 269 Ga. App. 583, 584 (3) (604 SE2d 633) (2004).

[6] *Shelters, Inc. v. Reeve*, 131 Ga. App. 18, 20 (1) (a) (205 SE2d 108) (1974).

summary judgment in favor of the City, such arguments are not subject to this Court's review because Osborne has failed to show that they were presented to and ruled upon by the trial court.[7]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 2, 2010 —
RECONSIDERATION DENIED FEBRUARY 24, 2010 — 

Grams B. Osborne, *pro se.*
*Kristina H. Blum, Jason C. Waymire*, for appellee.

