**FOURTH DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 10, 2014**

# In the Court of Appeals of Georgia

A13A1678. RICHARDS v. WELLS FARGO BANK, N. A.

PHIPPS, Chief Judge.

Sammy Richards, acting pro se, appeals the trial court's January 29, 2013 order granting summary judgment in favor of Wells Fargo Bank, N. A., Successor By Merger to Wells Fargo Home Mortgage, Inc., and finding his motion for leave to file counterclaims moot. For the following reasons, we affirm the grant of summary judgment in favor of Wells Fargo. However, we vacate the trial court's ruling denying Richards's motion for leave to file counterclaims and remand the case for the trial court to exercise its discretion and issue a ruling on the merits of the motion.

On December 19, 2003, Richards gave Wells Fargo a deed to secure a debt on property Richards had purchased. The security deed pertinently provided that Richards did "grant and convey to [Wells Fargo] . . . , with power of sale," the

property at issue. On March 24, 2011, Richards filed in county real property records a document entitled "AFFIDAVIT REVOCATION OF POWER OF ATTORNEY Revoking All Rights for Deed Under Power Pursuant to OCGA § 10-6-141," purporting to "revoke[] any and all rights given at closing to Wells Fargo," on the basis that Wells Fargo had induced him to sign the security deed "under misrepresentation of the facts." Then, on June 27, 2011, Richards filed a document entitled "Affidavit of Forgery Pursuant to OCGA 44-2-23," wherein he stated that the security deed was a forgery because the "document was altered to include the Notary's witness at sometime unbeknownst to the Mortgagor/Borrower and prior to filing into Clayton County Records on 1/7/2004."

On December 6, 2011, Wells Fargo filed a Complaint for Declaratory Relief, asserting that

> [i]n the Security Deed to [Wells Fargo], [Richards] specifically waived any right to judicial foreclosure, granting to [Wells Fargo] . . . the power to foreclose and sell the Property by non-judicial foreclosure upon [Richards's] default as defined therein and appointing [Wells Fargo] . . . as [Richards's] agent and attorney-in-fact to exercise such power of sale.

2

Wells Fargo asserted, therefore, that the aforementioned affidavits Richards filed "call the validity of the Security Deed and power of sale into question and create a cloud upon [Wells Fargo's] title to the Property." Wells Fargo sought "a judgment declaring and confirming the validity of the Security Deed and the power of sale contained therein, which grants to [Wells Fargo] . . . the power to foreclose and sell the Property by non-judicial foreclosure upon [Richards's] default and appointing [Wells Fargo] . . . as [Richards's] agent and attorney-in-fact to exercise such power of sale." On September 10, 2012, Wells Fargo filed an amendment to its complaint, re-alleging therein all assertions of its original complaint, and additionally asserting a "Quiet Title" claim, seeking "an Order pursuant to OCGA § 23-3-40 et seq. removing" the affidavits Richards had recorded in the county real property records, "as clouds upon [Wells Fargo's] title to the Property."

On September 24, 2012, Wells Fargo moved for summary judgment. On December 5, 2012, Richards, citing OCGA § 9-11-13 (f),[1] filed a motion for leave to file counterclaims, asserting that through oversight, inadvertence, and excusable

---

[1] OCGA § 9-11-13 (f) provides: "*Omitted counterclaim*. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

3

neglect, he had failed to allege compulsory counterclaims in his answer; and that justice required the trial court to grant him leave to file the counterclaims. In its order granting summary judgment in favor of Wells Fargo, the trial court ruled that "[b]ased on this court's ruling on the Motion for Summary Judgment which resolves all issues in the action, the defendant's Motion for Leave to File Counterclaims is MOOT."

1. Richards contends that the trial court erred in granting summary judgment in favor of Wells Fargo because "a genuine issue of material fact existed as to whether [he] executed a waiver of [his] rights entitling [Wells Fargo] to nonjudicial foreclosure." He argues that "[t]he recorded Security Deed omits a waiver of borrower's rights, which is the critical instrument that gives [Wells Fargo] the right to nonjudicially foreclose. This absence alone is sufficient to create an inference that a waiver of borrower's rights was never executed by [him]."

> A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. If no issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is proper.[2]

---

[2] *Naraine v. City of Atlanta*, 306 Ga. App. 561 (703 SE2d 31) (2010) (citations omitted); see OCGA § 9-11-56 (c).

4

Richards cites no authority for the proposition that the absence of a "waiver of borrower's rights" instrument renders an otherwise valid power of sale in a security deed unenforceable. In this case, the security deed contained a power of sale provision which authorized Wells Fargo (which held the security deed), in the event of a default on the loan, to enforce satisfaction of the debt by foreclosure, without utilizing the judicial process.[3] Accordingly, Wells Fargo was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment to Wells Fargo on this basis.

2. Richards contends that the trial court "erred by holding that a power coupled with an interest is not revocable at will rather than analyzing revocability in the context of fraud." He asserts that "[a] question of material fact remains whether the Affidavit of Forgery voided the Power of Sale."

In *Gurr v. Gurr*,[4] the Supreme Court of Georgia said that "a power of sale in a security deed is a power coupled with an interest. . . . A power coupled with an

---

[3] See *Gurr v. Gurr*, 198 Ga. 493, 509-510 (4) (32 SE2d 507) (1944) ("A power of sale in a . . . security deed becomes part of the security, conferred for the purpose of effectuating the same. It is a remedy by contract intended to substitute the remedy by law, should the creditor see fit to avail himself of it." ) (citations omitted).

[4] Supra.

5

interest is not revocable by death. Nor is it revocable at will."[5] Therefore, Richards did not, by the mere filing of an affidavit, void the power of sale he had given to Wells Fargo in the security deed. Furthermore, contrary to Richards's contention, the trial court did "analyz[e] revocability in the context of fraud" based on allegations of fraud Richards had made.

3. Richards contends that the trial court "erred in granting summary judgment because a genuine issue of material fact existed whether [he] actually conveyed the power of sale to [Wells Fargo]." He asserts that "where there is no intent to pass a certain property interest, no conveyance occurs," and that he "submitted sufficient evidence to raise a question of fact whether [he] intended to convey the Power of Sale specifically."

Richards failed, in his brief opposing Wells Fargo's motion for summary judgment (and in his appellate brief), to point to any evidence to support his claim;[6]

---

[5] Id. at 505 (4) (citations omitted).

[6] See OCGA § 9-11-56 (e), pertinently providing: "When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

6

and the appellate record contains no hearing transcript. Richards executed an affidavit, which is included in the record, wherein he admitted that he had voluntarily signed the Security Deed. Richards also fails to show that he raised this issue below and that the trial court ruled on it. Absent a ruling from the trial court as to this issue, there is nothing for us to review.[7]

4. Richards's contention that the trial court "erred in granting declaratory judgment to [Wells Fargo] because declaratory relief is improper where further action is required to extinguish the controversy" has no merit. Richards states in his appellate brief that: "The proper cause of action was a statutory quiet action." Wells Fargo amended its complaint to assert a "Quiet Title" claim, pursuant to OCGA § 23-3-40 et seq., and the motion for summary judgment concerned, inter alia, that claim.

5. Richards contends that the trial court erred in barring him from proceeding on his counterclaims.

(a) He asserts: "The trial court erred in finding [his] Motion For Leave moot because [Wells Fargo] was not entitled to Summary Judgment." But, as discussed

---

[7] See *Zywiciel v. Historic Westside Village Partners*, 313 Ga. App. 397, 406 (12) (721 SE2d 617) (2011); *Osborne v. City of Marietta*, 302 Ga. App. 475, 477 (3) (690 SE2d 664) (2010).

above, the trial court did not err in granting summary judgment in favor of Wells Fargo.

(b) We do find some merit, however, in Richards's assertion that "[e]ven if [Wells Fargo] was entitled to [s]ummary [j]udgment, the trial court should have granted the Motion For Leave . . . because [his] counterclaims are independent from judgment in favor of [Wells Fargo]."

OCGA § 9-11-13 (f) permits a party to add a compulsory counterclaim, in the court's discretion, upon a showing of "oversight, inadvertence, or excusable neglect, or when justice requires."[8] Richards moved for leave based on all four factors. But the trial court denied Richards's motion on the basis that it was moot given the court's grant of summary judgment in favor of Wells Fargo. "A motion is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."[9] "A moot [issue] is one which seeks to determine

[8] See *EarthLink, Inc. v. Eaves*, 293 Ga. App. 75, 78-79 (4) (666 SE2d 420) (2008).

[9] *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 360-361 (489 SE2d 99) (1997).

an abstract question which does not arise upon existing facts or rights."[10] An abstract question is "[o]ne which does not rest upon existing facts or rights."[11]

In ruling that the motion was moot, the trial court cited the following excerpt from *Kace Investments L. P. v. Hull*:[12] "[W]hile under the Code the right to amend is very broad, it may not be exercised after a case has been tried and a judgment rendered therein which has not been set aside or vacated."[13] Indeed, "[a] party against whom summary judgment has been granted is in the same position, as if he suffered a verdict against him."[14] But *Kace Investments L. P.* does not apply to this case. What is prohibited, as explained in *Summer-Minter & Assoc.*[15] (upon which this court relied in *Kace Investments L. P.*), is a party's attempt to recast a cause of action *after* judgment has been granted in favor of the opposing party. In *Summer-Minter &*

---

[10] *Chastain v. Baker*, 255 Ga. 432, 433 (2) (339 SE2d 241) (1986).

[11] Black's Law Dictionary (6th ed. 1991).

[12] 278 Ga. App. 477 (629 SE2d 26) (2006).

[13] Id. at 482 (1) (a).

[14] *Ellington v. Tolar Constr. Co.*, 142 Ga. App. 218, 220 (235 SE2d 729) (1977), citing *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1973) (punctuation omitted).

[15] Supra.

9

*Assoc.*, after the Supreme Court of Georgia reversed the trial court's denial of the defendants' motion for summary judgment, but before the remittitur became the judgment of the trial court, the plaintiffs amended their complaint by alleging a new theory of recovery.[16] The Court held: "We cannot authorize these plaintiffs to launch a new lawsuit through amendment after our final decision on summary judgment any more than we can permit a defendant to employ a new defense following a ruling on summary judgment in favor of the plaintiff as to liability."[17]

Unlike the plaintiffs in *Summer-Minter & Assoc.*, Richards did not file his motion *following* the trial court's grant of summary judgment. Richards filed his motion for leave to file counterclaims on December 5, 2012, well before the trial court's January 29, 2013 grant of Wells Fargo's summary judgment motion. Moreover, Richards sought permission to file what he claimed were compulsory counterclaims;[18] the right to assert a compulsory counterclaim is lost if not asserted

---

[16] *Summer-Minter & Assoc.*, supra at 601-603.

[17] Id. at 606; see *Smith v. Lockridge*, 288 Ga. 180, 186 (4) (702 SE2d 858) (2010).

[18] Richards, in his motion for leave to file counterclaims, sought to assert against Wells Fargo claims for fraud, "Georgia RICO," breach of duty of good faith and fair dealing, "conventional quia timet and rescission for fraud," wrongful foreclosure, damages, and equitable relief.

in a primary action.[19] At the time it was filed, the motion rested upon matters or rights not determined by the grant of Wells Fargo's motion for summary judgment in this case.[20] Accordingly, the trial court erred in ruling that the motion was moot.

The trial court had discretion, based upon any of the factors listed in OCGA § 9-11-13 (f), to permit the filing of the counterclaims; but it issued no ruling pursuant to OCGA § 9-11-13 (f). "Where a ruling of the trial court which is ordinarily one within the sound discretion of the court shows that no discretion was, in fact, exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of a discretion, a new trial results."[21] Therefore, the judgment of the trial court denying Richards's motion *as moot* is vacated, and the

---

[19] See *Aycock v. Calk*, 228 Ga. App. 172, 175 (491 SE2d 383) (1997) (having failed to assert compulsory counterclaim in prior action either in their answer or by properly amended answer with leave of trial court, appellants lost such claim and were "now forever barred from asserting such claim against" opposing party).

[20] See generally *Davis v. Wilson*, 280 Ga. 29-30 (622 SE2d 325) (2005). Compare generally *Jones v. Isom*, 223 Ga. App. 7, 9 (2) (477 SE2d 139) (1996) (where trial court correctly concluded that appellants failed to serve appellee within the applicable statute of limitation and properly granted appellee's motion to dismiss, trial court also correctly concluded that appellants' motion for entry of default and motion for partial summary judgment were rendered moot).

[21] *Unnever v. Stephens*, 142 Ga. App. 787, 789 (2) (236 SE2d 886) (1977) (citations omitted); see *Ellington*, supra.

11

case is remanded to the trial court for the court to exercise its discretion and issue a ruling on the merits of the motion.[22]

*Judgment affirmed in part and vacated in part and case remanded. Doyle, P. J., and Boggs, J., concur.*

---

[22] See generally *Unnever*, supra.