# Court of Appeals
# of the State of Georgia

ATLANTA,  December 18, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0538.  SAMMY L. RICHARDS v. WELLS FARGO BANK N. A., et al.**

This is the parties' second appearance before this Court.  In the first, Sammy Richards appealed the trial court's order granting summary judgment to Wells Fargo Bank and finding moot his motion for leave to file counterclaims.  We affirmed the grant of summary judgment but remanded the case for a ruling on the merits of the motion for leave to file counterclaims.  See *Richards v. Wells Fargo Bank, N. A.*, 325 Ga. App. 722 (754 SE2d 770) (2014).

On August 13, 2014, the trial court denied Richards's motion for leave to file counterclaims and his motion for default judgment.  Shortly thereafter, Richards, appearing pro se, while represented by counsel, filed a motion for recusal.  On August 20, 2014, the trial court denied the motion for recusal. In its order, the trial court expressly found that Richards was still represented by counsel.  Despite the fact that Richards was still represented by counsel, he filed a pro se notice of appeal, challenging both orders.  We lack jurisdiction.

Richards cannot attempt to represent himself while at the same time he is represented by counsel.[1]  See *Jacobsen v. Haldi*, 210 Ga. App. 817, 819 (1) (437

---

[1] Prior to filing his pro se notice of appeal, Richards filed a document entitled "Judicial Notice: Withdrawal of Counsel by Plaintiff Nunc Pro Tunc . . . ."  However, this document was of no effect.  "A formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." (Citation and punctuation omitted.)  *Tolbert v. Toole*, ___ Ga. ___ (Case No. S14A1158, decided November 17, 2014).

SE2d 819) (1993).  Accordingly, his pro se notice of appeal is a nullity. See id.  See also *Tolbert*, supra (appellate court may dismiss an appeal when the appellant is represented by counsel but files a pro se notice of appeal).   For this reason, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*____12/18/2014____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*