# Court of Appeals
# of the State of Georgia

ATLANTA,  January 23, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0947. COREY DAVID RUSCH v. THE STATE.**

In June 2016, Corey David Rusch pleaded guilty to theft by receiving stolen property and possession of cocaine in Houston County. He was sentenced to a total of 3 years, with the first 180 days to serve in jail and the remainder on probation. On October 17, 2017, Rusch filed a motion to dismiss a probation warrant. In his motion, Rusch alleged that after being sentenced in Houston County, he was transferred to Bibb County to face additional charges. He argued that the Department of Community Supervision lacked the authority to issue a probation warrant because he remains in the custody of the Georgia Department of Corrections. The trial court denied Rusch's motion on October 20, 2017.

Rusch filed both an application for discretionary appeal and the instant direct appeal seeking review of the same October 20 order. We dismissed Rusch's discretionary application on January 4, 2018. See Case No. A18D0238. As a result, the doctrine of res judicata bars Rusch from seeking further appellate review of the trial court's order. See *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007); see also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds.").

In light of the foregoing, this appeal is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/23/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*

*, Clerk.*

---

[1] In any event, there is no indication that the trial court has issued a final order in the proceedings arising out of the probation warrant issued in Houston County. Thus, on the current record, the order that Rusch wishes to appeal is interlocutory. "[A] party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989). Rusch's failure to follow the interlocutory review procedure deprives us of jurisdiction over this appeal.