# Court of Appeals
# of the State of Georgia

ATLANTA,  October 04, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0408.  MARVIS MCDANIEL-IVEY v. MOHAMED OUDA.**

These consolidated actions began as a dispossessory proceeding in magistrate court.  Following a ruling in the dispossessory action, an appeal was taken to the superior court.  In March 2017, the superior court entered an order in which, inter alia, it consolidated the appeal from the magistrate court proceeding with a related quiet title action and required defendant Marvis McDaniel-Ivey to pay monthly rent into the court registry.[1]

When McDaniel-Ivey failed to make the payments as required by the March 2017 order, plaintiff Mohamed Ouda filed a motion for supersedeas bond.  On May 30, 2018, the superior court entered the order that is at issue in this appeal, granting Ouda's motion for supersedeas bond and ordering McDaniel-Ivey to pay various amounts in past-due and future rent to remain in possession of the premises at issue in these actions.  In the May 30 order, the superior court ruled that, should McDaniel-Ivey default on any of these payments, "a writ of possession shall issue upon motion of [the plaintiffs]."  On June 6, 2018, McDaniel-Ivey filed, in the Supreme Court, a document entitled "Emergency Motion," in which she sought to

---

[1] McDaniel-Ivey sought to appeal the superior court's March 2017 order by (a) filing an application for interlocutory review in the Supreme Court, which transferred the case to this Court; and (b) filing a direct appeal to this Court.  We granted McDaniel-Ivey's motion to withdraw the application for interlocutory review, see *McDaniel-Ivey v. Ouda*, No. A17I0238 (May 19, 2017), after which we dismissed McDaniel-Ivey's direct appeal for failure to comply with the interlocutory review procedures, see *McDaniel-Ivey v. Ouda*, No. A17A1774 (June 15, 2017).

challenge the May 30 order. The Supreme Court docketed McDaniel-Ivey's June 6 filing as an application for discretionary review and transferred the matter to this Court. We subsequently dismissed the application for failure to comply with the interlocutory appeal requirements. See *McDaniel-Ivey v. Ouda*, No. A19D0003 (Aug. 15, 2018).

In the interim, on June 7, 2018, McDaniel-Ivey filed a notice of direct appeal to the Supreme Court, again seeking review of the superior court's May 30, 2018 order. The Supreme Court transferred that appeal to this Court, where it has been docketed as the instant case, No. A19A0408. We lack jurisdiction for several reasons.

First, appeals from superior court decisions reviewing lower court decisions by certiorari or de novo proceedings must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). McDaniel-Ivey's's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this direct appeal.

Second, as we explained in our dismissal order in Case No. A19D0003, the superior court's May 30, 2018 order is a non-final order that did not resolve all issues in these cases. See *Rivera v. Housing Auth. of Fulton County*, 163 Ga. App. 648, 648 (295 SE2d 336) (1982). Consequently, McDaniel-Ivey was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) to appeal the May 30 order. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1). McDaniel-Ivey's failure to follow the interlocutory

appeal procedures independently deprives us of jurisdiction over this direct appeal.[2] See *Bailey*, 266 Ga. at 833.

Finally, even if a direct appeal were proper in this case, this appeal is untimely. While a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). McDaniel-Ivey's June 7, 2018 notice of appeal was untimely filed 8 days after entry of the order she seeks to appeal.

For each of the above reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED. McDaniel-Ivey's requests for appointment of counsel and oral argument are DENIED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   10/04/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] Our ruling in Case No. A19D0003 to this effect is binding on this appeal as the law of the case. See *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011); accord *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007).