# Court of Appeals
# of the State of Georgia

ATLANTA, December 07, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0195.  PHILLIP RAGLAND v. THE STATE.

In February 2012, Phillip Ragland was convicted of aggravated assault and aggravated battery, for which he was sentenced to twenty years with five to serve in confinement.  On August 18, 2016, the trial court entered an order revoking Ragland's probation.  Ragland filed an untimely application for discretionary appeal from that order, which was dismissed.  See Case No. A17D0143 (decided November 2, 2016). His convictions were ultimately affirmed on appeal in an unpublished opinion.  See *Ragland v. State*, Case No. A17A1677 (decided February 27, 2018).  Now Ragland has filed an "Application for Out of Time Discretionary Appeal," seeking review of the trial court's August 2016 probation revocation order.  We, however, lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). While this Court may grant an extension of time to  file a discretionary application, the request for extension must be filed on or before the application due date and must be submitted pursuant to Court of Appeals Rule 40 (b) as an emergency motion. See Court of Appeals Rule 31 (i); see also OCGA § 5-6-39 (a) (5), (d); *Gable v. State*, 290 Ga. 81, 84-85 (2) (a) (720 SE2d 170) (2011).  Ragland made no timely request that would allow such an extension.

Moreover, we dismissed Ragland's first discretionary application seeking review of the same probation revocation order.  As a result, the doctrine of res judicata bars

Ragland from seeking further appellate review of the trial court's order. See *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007); see also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated *ad infinitum*.  The same is true of appeals of the same issue on the same grounds.").

For these reasons, Ragland's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   12/07/2018   *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*