# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2357.  MELVIN HARRIS v. THE STATE.**

A DeKalb County jury found Melvin Harris (a/k/a Melvin Parks) guilty of rape, two counts of aggravated assault, and possession of a firearm by a convicted felon. We affirmed Harris's convictions on appeal. *Harris v. State*, 283 Ga. App. 374 (641 SE2d 619) (2007). In 2015, Harris filed a "Motion to Vacate Void and Illegal Sentences," in which he argued that he was improperly sentenced as a recidivist. The trial court denied the motion, and we dismissed Harris's direct appeal from the judgment. See Case No. A16A1381 (dismissed July 15, 2016). In 2016, Harris challenged his sentence again on the same ground in the trial court, and we again dismissed his appeal from the trial court's order on the ground that it was barred by res judicata. See Case No. A18A0438, A18A0439 (dismissed December 21, 2017). In the instant appeal, Harris appeals from the trial court's denial of his motion for resentencing and his extraordinary motion for new trial. We, however, lack jurisdiction.

As previously decided, our rulings in the prior cases act as res judicata with regard to Harris's attempt to challenge his sentence. See *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007); see also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds."). To the extent that Harris challenges the denial of his extraordinary motion for new trial, an appeal from an order denying an extraordinary motion for a new trial must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (7), (b); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). "Compliance

with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Harris's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

     *Clerk's Office, Atlanta,  08/05/2019*

     *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*