# Court of Appeals
# of the State of Georgia

ATLANTA,  April 27, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0327. MARCUS LAMAR BROWN v. THE STATE.**

Following the revocation of his probation, Marcus Brown filed a motion to vacate a void sentence, arguing that the trial court unlawfully enhanced his sentence.[1] In 2019, the trial court dismissed the motion for lack of jurisdiction, and Brown appealed. This Court dismissed the appeal based on Brown's failure to comply with the discretionary application procedure. Case No. A20A1232 (decided Feb. 14, 2020). Brown then filed a "Motion to set Aside the Judgment/Motion for Reconsideration," requesting that the trial court reconsider its ruling. The trial court denied the motion, and Brown filed an application for discretionary appeal. We dismissed the application because it was untimely. Case No. A20D0367 (decided May 5, 2020).

In January 2022, Brown filed a "Motion that the Sentence is Void" in the trial court claiming, again, that the sentence entered in connection with the probation revocation is void. In this motion, he acknowledged that he filed a similar motion in 2019, which the trial court dismissed, and that this Court dismissed his appeal from that order. The trial court denied the 2022 motion challenging his sentence, and Brown filed this discretionary application from that ruling.

Brown's current appeal is barred because the issues he raises have or could

---

[1] In 1994, Brown pled guilty as a first offender to robbery by intimidation and attempted rape, and was sentenced to two years of probation. When the court revoked his probation and first offender status in 1995 based on a probation violation, it sentenced him to five years in confinement, to be served consecutively to a life sentence entered in another prosecution.

have been litigated in his prior appeals. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (punctuation omitted); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal constitutes binding law of the case, even though the appeals court did not reach the merits of the claim in the prior case); accord *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007) (the dismissal of an application for discretionary appeal acts as res judicata as to the issues raised in the application).

Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   04/27/2022          *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*