# Court of Appeals
# of the State of Georgia

ATLANTA,  February 07, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0223. JAIRUS B. MOORE v. DEKALB SUPERIOR COURT JUDGES, et al.

Following a 1998 jury trial, Jairus B. Moore was convicted of rape, aggravated sodomy, and other crimes, and was sentenced to life plus 30 years in incarceration. On appeal, this Court affirmed Moore's convictions and sentence. *Moore v. State*, 246 Ga. App. 163 (539 SE2d 851) (2000). In 2007, the trial court denied Moore's motion to correct his sentence, rejecting his claim that the sentence was void. This Court subsequently dismissed as untimely Moore's application seeking a discretionary appeal from that order. *Moore v. State*, Case No. A08D0063 (Oct. 23, 2007). Over a decade later, Moore sought to file a petition for a writ of mandamus to compel the State Board of Pardons and Paroles to consider him for parole. The trial court denied that filing, and this Court dismissed Moore's direct appeal of the trial court's order based on his failure to file an application for discretionary appeal. *Moore v. Bernard*, Case No. A20A1239 (Feb. 11, 2020).

In April 2022, Moore filed a motion seeking to clarify his sentence with respect to parole eligibility. Approximately one year later, in May 2023, Moore filed a "Motion to Correct Void Sentence." After the trial court failed to take action on either motion, Moore sought to file a mandamus petition to compel the DeKalb County Superior Court to decide his pending motions. On December 20, 2023, the Chief Judge of the DeKalb County Superior Court entered an order recusing all judges of that court from deciding Moore's mandamus petition and requesting that a judge

from another court be assigned to rule on that petition. Two days later, on December 22, 2023, the DeKalb County Superior Court entered an order denying Moore's motion to clarify his sentence and dismissing his motion to correct his allegedly void sentence. In doing so, the trial court noted, inter alia, that the motions were duplicative of prior motions, all of which the court had denied; that the sentence required no clarification; and that Moore's sentence was not void. On January 4, 2024, the judge appointed to decide Moore's mandamus petition entered an order holding that the relief Moore sought was now moot, as the DeKalb County Superior Court had decided his pending motions. Accordingly, the judge dismissed the mandamus petition. Moore then filed this application for discretionary appeal, seeking review of the order denying his motion to clarify and dismissing his motion to correct a void sentence, as well as the order dismissing his petition for mandamus. For reasons explained below, we dismiss the application.

To the extent that Moore is seeking to challenge the dismissal of his motion to modify his sentence, his appeal is barred as a matter of law. Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a trial court may modify a sentence only if that sentence is void — i.e, only if it imposes a punishment that the law does not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("[w]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification"). Thus, a defendant may not appeal an order denying a motion to amend or modify his sentence unless he can raise a colorable claim that the sentence is, in fact, void. *Jones*, 278 Ga. at 669. See also *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, the record shows that the sentences imposed on Moore were within the statutory range for the crimes of which he was convicted. Accordingly, Moore is not entitled to appeal the denial of his motion seeking modification of his sentence.

Additionally, Moore's appeal of the order disposing of his motions for clarification and modification of his sentence are barred because the issues raised by those motions have or could have been litigated in prior appeals. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (punctuation omitted); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). See also *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007) (the dismissal of an application for discretionary appeal acts as res judicata as to the issues raised in the application); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal constitutes the binding law of the case, even though the appeals court did not reach the merits of the claim in the prior case).

Finally, the fact that the DeKalb County Superior Court has ruled on Moore's pending motions renders moot the relief he sought via his petition for mandamus. See *Richards v. Wells Fargo Bank, N.A.*, 325 Ga. App. 722, 726 (5) (b) (754 SE2d 770) (2014) (for appellate purposes, a motion is moot if a ruling would have no practical effect on the case); OCGA § 5-6-48 (b) (3) (an appeal may be dismissed when the questions presented have become moot).

Because the issues Moore seeks to raise are barred as a matter of law and/or are moot, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  02/07/2024

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*