# Court of Appeals
# of the State of Georgia

ATLANTA,  July 22, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1705. JAIRUS B. MOORE v. THE STATE.**

In 1998, Jairus B. Moore was convicted of rape and other crimes, and was sentenced to life plus 30 years to serve in confinement. We affirmed Moore's convictions and sentence on appeal. See *Moore v. State*, 246 Ga. App. 163 (539 SE2d 851) (2000). In 2007, the trial court denied Moore's motion to correct his sentence, rejecting his claim that the sentence was void, and this Court dismissed Moore's untimely application seeking a discretionary appeal from that order. *Moore v. State*, Case No. A08D0063 (Oct. 23, 2007). Over a decade later, Moore filed a petition for a writ of mandamus, seeking to compel the State Board of Pardons and Paroles to consider him for parole. The trial court denied that filing, and we dismissed Moore's direct appeal of the trial court's order for failure to file an application for discretionary appeal. *Moore v. Bernard*, Case No. A20A1239 (Feb. 11, 2020).

In April 2022, Moore filed a motion seeking to clarify his sentence regarding parole eligibility, and in May 2023, filed a "Motion to Correct Void Sentence." The trial court entered an order dismissing the motion to correct the allegedly void sentence and denying the motion to clarify. In doing so, the trial court noted that the motions were duplicative of prior motions, all of which the court had denied; that the sentence required no clarification; and that Moore's sentence was not void. Moore then filed this direct appeal. We, however, lack jurisdiction.

Moore's appeal is barred as a matter of law because the issues raised by his motions have or could have been litigated in prior appeals. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be

relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (punctuation omitted); *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"). See also *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007) (the dismissal of an application for discretionary appeal acts as res judicata as to the issues raised in the application); *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (dismissal of previous appeal constitutes the binding law of the case, even though the appeals court did not reach the merits of the claim in the prior case).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/22/2024

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*