# Court of Appeals
# of the State of Georgia

ATLANTA,  June 11, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2160. REGINALD CHARLES HARVEY, SR. et al v. U.S. NATURE-INVEST HOLDING, LLC.

Plaintiff U.S. Nature-Invest Holding, LLC sued Reginald Charles Harvey, Sr. for declaratory relief and damages, alleging that Harvey had wrongfully filed a lien against, and purported to convey, the plaintiff's real property. The trial court granted the plaintiff's claim for declaratory relief and reserved ruling on its damages claims. Later, the court granted the plaintiff's motion to dismiss its damages claims and denied Harvey's motion for summary judgment. Harvey did not appeal. Instead, he filed motions to stay, to compel arbitration, and to set aside. The trial court denied the motions, and Harvey appealed that ruling. We dismissed the appeal as untimely. See Case No. A26A1540 (Apr. 21, 2026).

Back in the trial court, Harvey filed motions to set aside the trial court's dispositive orders under OCGA § 9-11-60(d), to recuse the trial judge, and for a temporary restraining order, preliminary injunction, and property freeze. The trial court denied these motions, and Harvey appeals directly to this Court. We, however, lack jurisdiction.

As to the denial of Harvey's motion to set aside, an appeal from the denial of a motion to set aside under OCGA § 9-11-60(d) requires the filing of an application for discretionary appeal. See OCGA § 5-6-35(a)(8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116-17 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted). Thus,

the "[f]ailure to file an application when one is necessary requires that the appeal be dismissed." *Evans v. Jackson*, 368 Ga. App. 170, 173(1)(b) (889 SE2d 343) (2023) (citation and punctuation omitted).

As to the denial of Harvey's motion for injunctive relief and a property freeze, the trial court has already adjudicated the issue of the ownership of the property. Thus, regardless of what Harvey called it, this motion essentially asked the trial court to reconsider its prior ruling. See *9766, LLC v. Dwarf House*, 331 Ga. App. 287, 289(1) (771 SE2d 1) (2015) ("there is no magic in nomenclature, and in classifying pleadings we will . . . judg[e] the pleading by its function rather than by its name"). However, the denial of a motion for reconsideration is not an appealable judgment. *Savage v. Newsome*, 173 Ga. App. 271, 272 (326 SE2d 5) (1985).

Finally, as to the denial of Harvey's motion to recuse, the trial court had already issued a final judgment in the case when Harvey filed the motion. Accordingly, the issues raised in the motion to recuse are moot. See *Richards v. Wells Fargo Bank, N.A.*, 325 Ga. App. 722, 726 (5) (b) (754 SE2d 770) (2014) (for appellate purposes, a motion is moot if a ruling would have no practical effect on the case); OCGA § 5-6-48(b)(3) (an appeal may be dismissed when the questions presented have become moot).

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/11/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*